## SUPREME COURT.

LEARNED AND OTHERS agt. VANDENBURGH.

RANSOM AND OTHERS agt. THE SAME DEFENDANT.

ADAMS agt. THE SAME DEFENDANT.

In reference to the lien of attachments.

The mere *return* of the sheriff that he has attached the land, is enough to secure a lien of the creditor. It is not necessary that he should go on to or even see it.

It is different with *personal property*. To render the seizure effectual it must be accompanied by *possession*.

Upon the question whether or not any specific property, real or personal, has been attached, the *inventory* returned by the sheriff must be *conclusive*.

Where several attachments have been served upon the same property, the priority of their respective liens must be determined by the order in which they were delivered to the sheriff.

*It seems*, that in order to make the lien of an attachment upon real estate effectual as against bona fide purchasers or incumbrancers, it is necessary to file the notice prescribed by § 132 of the Code.

*Motion for directions to sheriff of Greene, in respect to the application of the proceeds of certain real estate sold upon execution.* On the 10th day of April 1852, attachments were duly obtained by the plaintiffs in the first two actions against the defendant and delivered to the sheriff of Greene. Two other attachments against the same defendant had previously been issued, and were then in the hands of the sheriff. On the 12th day of April, another similar attachment was issued in favor of another creditor. By virtue of these attachments the sheriff seized all the personal property of the defendant, and made and returned an inventory as required by law. In a return endorsed upon the attachments issued in the two causes above entitled, the sheriff states that he had attached all the personal property of the defendant, " *and only personal property.*"

On the 17th of April, another attachment was issued in favor of Mallory & Ingalls, against the same defendant. Upon this latter attachment the sheriff returns that he had attached " all the real and personal property of the defendant."

Judgments were recovered in the above entitled actions, on the 19th of June; in the first for $322·84; in the second for $263·77, and docketed in Greene county on the 21st of June. On that day executions were also issued to the sheriff of Greene. Executions were also issued about the same time upon judgments recovered in the actions in which the prior attachments had been issued. On the 12th of October, the sheriff sold the personal property attached by him. The proceeds were sufficient to satisfy the executions issued upon the judgments recovered in the actions in which the prior attachments had been issued, and a part of the execution in the action first above entitled—the attachment in that action having been delivered to the sheriff a few minutes prior to the delivery of the attachment in the second action.

On the 16th of June, the plaintiff in the action lastly above entitled recovered, by confession, a judgment against the defendant for $620·12. The judgment was docketed and execution was issued to the sheriff of Greene on the same day. No attachment had been issued in this action.

On the 15th of October, the sheriff, by virtue of the executions in his hands, sold the real estate of the defendant, and realized therefrom $375, which sum he now holds, ready to be applied upon the executions according to their legal priority

     G. L. Wilson, *for Plaintiffs in 1st and 2d actions.*

     J. C. Van Dyck, *for Plaintiff in last action.*

Harris, Justice.—The proceedings upon attachments, under the Code., are the same as those prescribed by previous statutes in respect to attachments against foreign corporations (2 *R. S.* 459, § 15, *et seq.; Sess. Laws,* 1842, *p.* 227). Indeed, the provisions of the Code relating to attachments, are substantially copied from these statutes. One essential difference, however, is, that the attachment against a foreign corporation, issued under the provisions of the Revised Statutes, required the sheriff to attach all the estate, real and personal, of the corporation, while the warrant under the code, as now amended, requires the sheriff to attach all the property of the defendant, *or so much thereof as may be sufficient to satisfy the plaintiff's demand,* &c. In this case, the sheriff, in accordance with this new provision, attached

only the personal property of the defendant by virtue of the at-
tachments issued prior to the 17th of April, believing, as may
be supposed, that such personal property would be sufficient to
satisfy the judgments which might be recovered in those actions.
But when the attachment in favor of Mallory & Ingalls came
into his hands, he added to the property already seized, the real
estate of the defendant.   The property attached having been sold,
and the personal property having proved insufficient to satisfy
the demands upon which attachments had been issued before the
17th of April, the question arises, what disposition shall be made
of the proceeds of the real estate.

The object of the attachment for which the Code provides, is
to give the creditor a lien upon property of his debtor sufficient
to satisfy his demand, before he recovers judgment; or, as it is
expressed in the 327th section of the Code, to provide " a security
for the satisfaction of such judgment as the plaintff may recover."
The sheriff upon receiving the attachment is required to proceed
immediately to execute it, by attaching the property of the de-
fendant, or at least enough to satisfy the plaintiff's demand, with
costs and expenses.   For this purpose, he must, with the assist-
ance of two disinterested freeholders, make an inventory of the
property seized, with an appraisal of the personal property,
and a specification of such articles as are perishable, and within
ten days *return* the same to the judge by whom the attachment
was issued (*Code*, § 232; 2 *R. S.* 488).   For the purpose of
securing the lien upon real estate it is only necessary that it
should be included in the inventory returned by the sheriff.
" It is settled, says SHAW, Ch. J., in Taylor vs. Mixter, (11 *Pick.*
341), that in order to make a valid attachment, the officer is
under no necessity to enter upon the land, or see it, or go into its
vicinity; nor is it necessary that he should do any act, other than
return that he has attached the land."   It would be idle to re-
quire the sheriff to do any thing more.   The title and the right
of possession still remains in the debtor—*ad impossibilia aut
vana, lex non cogit.*   The mere return of the sheriff that he has
attached the land is enough to secure a lien for the creditor, to
be enforced when he shall obtain judgment.

In respect to personal property, it is otherwise.   To render the

seizure effectual, it must be accompanied by possession. The sheriff is bound to see that it is safely kept to satisfy the judgment which the creditor may recover. He must, therefore, not only seize the property, but take it into his custody.

Upon the question whether or not any specific property, real or personal, has been attached, the inventory returned by the sheriff must be conclusive; if *no inventory* be returned, other proof may, perhaps, be resorted to, and when several attachments have been served upon the same property, the priority of their respective liens must be determined, I suppose, by the order in which the attachments were delivered to the sheriff. In order to make the lien of an attachment upon real estate effectual, as against bona fide purchasers or incumbrancers, I think it would be necessary to file the notice prescribed by the 132d section of the Code.

With these principles before us, there is no great difficulty in determining the questions involved in this motion. The sheriff having contented himelf with attaching merely the personal property of the defendant under the attachments issued prior to the 17th of April, it follows that the plaintiffs in those attachments acquired no lien upon the real estate. Whether by omitting to serve the *attachments on the real estate* of the defendant, the sheriff has rendered himself liable to the plaintiffs who have been prejudiced by such omission, I need not now inquire. No lien having been secured by these attachments, the real estate was left free for the operation of the attachment in favor of Mallory & Ingalls, on whose behalf alone it was attached. Neither of the parties to this application, therefore, as the facts now appear, is entitled to the moneys in the hands of the sheriff. The motion, of course, can not be granted.