Hobein *v.* Murphy.

—————

HOBEIN, Respondent, *vs.* MURPHY, Appellant.

1. The notice of execution required by the act of March 12, 1849, to be given to a judgment debtor, who is a non-resident of the county in which the land to be sold is situated, is not necessary in a sale of mortgaged land under a special *fi. fa.*

2. The omission to give the required notice, even in those cases where it is necessary, would not *ipso facto* render the sale void, but the party injured

would have relief according to circumstances. If the party whose duty it was to give the notice had acquired the title, the sale might be set aside in a direct proceeding, and the property restored. If a fair purchaser had paid the price and received a conveyance, the remedy would be confined to pecuniary damages against the wrong doer.

### *Appeal from Franklin Circuit Court.*

This was a petition filed in 1854, praying the Circuit Court to set aside a sheriff's deed to Murphy for land in Franklin county, sold under a special execution against the plaintiff upon a judgment of foreclosure of a mortgage. The sale took place October 3, 1850, and the sheriff's deed was dated March 24, 1851.

It was admitted that, at the time of the sale, the plaintiff was a resident of St. Louis county, and had no notice of the issuing of the execution under which the sale took place. The Circuit Court thereupon rendered judgment setting aside the sheriff's deed, but requiring plaintiff to refund to Murphy the amount of his bid. From this judgment, Murphy appealed.

*N. Holmes*, for appellant, insisted that no notice was necessary, a sale under a judgment of foreclosure not being within the meaning of the act requiring notice ; also that the act did not apply where the land was in the same county where the judgment was rendered.

*Stevenson* and *Delafield*, for respondent.

LEONARD, Judge, delivered the opinion of the court.

1. The notice of execution required by the act of 12th March, 1849, to be given to a judgment debtor, who is a non-resident of the county in which the land to be sold is situated, is not necessary in a sale of mortgaged land made under a special *fieri facias*.

Although the language of the statute is general, embracing in its words all execution sales of land situated in a different county from that in which the judgment debtor resides, we

think it must be limited in its operation to cases falling within the mischief intended to be remedied; and that this is clearly not a sale of that character. Debtors frequently own land in different counties of the state, and creditors, not for the purpose of collecting their debts, but in order secretly to purchase their debtor's land at a sacrifice, sent their executions to distant counties upon errands of speculation, and buying there without competition, got landed property for a mere nominal consideration; and to suppress such frauds, this notice to the debtor was required.

It is true that the debtor can always protect himself by paying what he owes; but the legislature have thought proper to provide this additional protection against what they considered unfair conduct on the part of the creditor, and it is our duty to give proper effect to the provision, without, however, extending it to cases which, although perhaps within its words, are certainly not within its spirit. The defendant in this execution knew, for such was the general law, that this land must be sold under this judgment before any other property could be touched by it, and that the sale could take place only in the county of Franklin. The material fact, then, required by the legislature to be communicated to the debtor, in what county the creditor elected to subject his debtor's land to execution, was already known to him, and therefore there is no reason for our considering such a case as falling within the requirements of the statute.

2. We think proper to remark here that we consider this provision as merely directory, even in the cases to which it is applicable, so that the omission to give the required notice would not *ipso facto* annul the conveyance, but proper relief would be administered to the party injured according to the circumstances of the case. If the party whose duty it was to give the notice had acquired the title, there would seem to be no reason why, in a direct proceeding against him for that purpose, the sale should not be set aside and the property restored; and when this relief could not be had, on account of the interposition of

a fair purchaser, who had paid the price and received the conveyance, the remedy would necessarily be confined to pecuniary damages, assessed against the wrong doer.

For the reason given, however, this judgment must be reversed ; but we shall remand the cause in order to give the plaintiff an opportunity of applying for leave to amend, if he so desires, and has any other ground that will entitle him to the relief he seeks. The other judges concurring, the judgment is reversed, and the cause remanded.