Thomson, P. J.,
delivered the opinion of the court.
*74 Action on a constable’s bond. On tbe 29th day of January, 1892, the plaintiff, Bishop, and one Pickett, each brought suit before a justice of the peace against a copartnership styled Garrison & Howard. A writ of attachment was issued in each case on the same day, and delivered to the defendant Pound-stone as constable. On the 1st day of February, 1892, Pound-stone made return upon the writs that he had executed them on the day they were issued by levying upon and taking into his possession a stock of goods in the general store of Garrison & Howard, and that he had afterwards released the property from the attachment. On the 4th day of February, 1892, the two actions came to trial before the justice, who sustained the attachments, and rendered a judgment in each case against Garrison & Howard. Executions were immediately issued on the judgments, but nothing was realized from them. On December 1, 1894, Pickett assigned the judgment recovered by him to Bishop, and the latter brought this action. The defendants Keiffer and Asay were sureties on the defendant Poundstone’s bond. The breaches assigned are the acts of Poundstone in releasing the property levied upon by the writs of attachment without the consent of the parties interested, and the consequent failure in the collection of the judgments.
At the trial of this cause the court permitted Poundstone, who was a witness for himself and his codefendants, to testify in contradiction of his returns upon the attachment writs. He said that he did not levy the writs, or take the property into his possession, giving as his reason for not doing so that it had already been levied upon by virtue of a writ of attachment issued in a cause entitled Miles vs. Garrison & Howard, and was in the custody of the law. His testimony would seem to be contradictory, not only of his returns, but of the facts. The writs which he was required to execute came into his hands on the 29th day of January, 1892, and whatever he did in the way of levying them was done oil that day. The writ in the Miles case was not levied until February 1, 1892. But, waiving this discrepancy, the *75 officer was concluded by his returns, as were also the sureties on his bond, and the evidence was inadmissible. An incorrect return may be amended so as to show the facts, but the amendment must be made in the cause in which the writ issued, and when made, it becomes the return. Except upon application to vacate or amend in the court having jurisdiction of the writ, the incorrectness of the return cannot be shown by the officer, or by parties or privies to the suit. Freeman on Executions, §§ 365, 366. If the return of an officer did not, as against himself and all parties connected with the litigation, import absolute verity, the records of the courts would be unreliable, and the administration of justice involved in uncertainty and confusion.
But defendants’ counsel says that the attachment plaintiffs abandoned their attachments by failing to cause orders of sale to be issued on their judgments. Section 2013 of the General Statutes, provides that in cases of attachment in justices’ courts, if judgment be recovered by the plaintiff, the justice shall issue an order of sale to the constable, directing him to satisfy the judgment out of the proceeds of the property attached by him, and in case the property attached shall not be sufficient to satisfy the judgment, execution shall issue as in other cases. No order of sale was issued upon these judgments. The only writs issued were general executions. The argument is that the justice had no authority to issue the executions until after orders of sale had been issued and had failed to produce money sufficient to satisfy the judgments ; and that the executions having been issued out of time were void writs. What purpose this argument is intended to sub-serve we are unable to see, unless it be to compel an inference that the attachment plaintiffs, by their negligence in causing improper writs to be issued, and in failing to cause the issue of proper writs, were themselves responsible for the inability of the officer to collect their judgments. It will not take us very long to dispose of the argument and all the inferences deducible from it. Upon personal judgments rendered by justices executions may be issued immediately. *76 Gen. Stat. sec. 1967. In each of the cases against Garrison & Howard, in addition to a judgment sustaining the attachment, there was a personal judgment against the attachment defendants. Section 2013, in providing for the issuance first of an order of sale of the attached property, contemplates that the property is still held by the attachment writs, — that there is something upon which the order of sale can operate. In these cases the property had been released from the attachments before the judgments were rendered. It had passed outside of the jurisdiction of the justice, and he could issue no order of sale against it. There was nothing available to the attachment plaintiffs but their general judgments against Garrison & Howard, and on them they were entitled to execution at any time. In order to perfect their remedy against the constable and his bondsmen, it was perhaps necessary to cause the executions to be issued to demonstrate that their judgments were uncollectible, and that in losing the benefit of their attachments they lost their only available remedy. If they had wasted their time in sending out useless orders of sale, it might be said, with some appearance of plausibility, that they negligently gave their debtors an opportunity to put property beyond the reach of process which might have been seized if executions had been promptly issued. There was certainly no impropriety in what they did.
Some instructions asked by the plaintiff were refused which should have been given, but we need only say concerning them that in their refusal the court committed the same error that it did in admitting the testimony of the constable falsifying his returns. Questions were raised below by a demurrer to the complaint, and by a motion for a nonsuit, which are not mentioned by the defendants’ counsel in his argument, and are therefore not noticed by us. For the error committed in permitting improper and incompetent evidence to go to the jury, the judgment will be reversed.

Reversed.