[L. A. No. 1253. Department Two.—August 19, 1904.]

C. B. WILLIAMS, Auctioneer, Respondent, v. AURELIA J. CORKER, Defendant, Respondent; L. D. C. GRAY, Trustee for Eliza J. Moore, Intervener, Respondent; LOUIS SALZGEBER, Intervener, Appellant.

SALE BY AUCTIONEER — PROPERTY SUBJECT TO CHATTEL MORTGAGE — ACTION UPON CHECKS—RIGHTS OF MORTGAGEE—DEDUCTION BY PURCHASER.—In an action by an auctioneer who sold personal property subject to a chattel mortgage, upon checks given by the purchaser, in which it appears that the sale was made at the written request of the mortgagor and mortgagee, and under an agreement between the auctioneer and the mortgagee that the proceeds were to be turned over to the mortgagee, whose mortgage gave him a right of sale, the mortgagee has an absolute right to the proceeds of the sale, if insufficient to pay his note and mortgage, and the purchaser has no right to deduct from the amount of the checks sued upon any indebtedness due from the mortgagor to the purchaser.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. J. L. Campbell, Judge.

The facts are stated in the opinion.

N. C. Burch, and J. L. Murphey, for Appellant.

F. C. Hintig, for Auctioneer, Respondent.

Oscar Lawler, for Aurelia J. Corker, Respondent.

Carroll Allen, and Walter Horgan, for L. D. C. Gray, Trustee for Eliza J. Moore, Respondent.

GRAY, C.—The plaintiff above named, as auctioneer, sold at auction the running-gear of a wagon, thirty-two cows, and five horses for the aggregate sum of $1,337.50. The property described was sold with other property, and the whole was purchased by defendant Corker, who gave to the plaintiff auctioneer her checks in payment therefor. These checks were dishonored, and this suit was commenced by the auctioneer to recover from Corker on the checks. This particularly de-

scribed property belonged to Eliza J. Moore at the time of its sale, and the intervener, Louis Salzgeber, had a chattel mortgage, duly executed by said Moore and duly recorded, embracing said property. In his complaint in intervention Salzgeber claims the said $1,337.50, as due him upon said sale to Corker in part satisfaction of his note and mortgage on said property held by him against Moore. L. D. C. Gray, trustee in bankruptcy of the estate of said Moore, also intervened in the action. The case was tried before the court without a jury. The findings and judgment were against Salzgeber, and he appeals from an order denying him a new trial and from the judgment.

1. Appellant attacks finding IV, which is to the effect that the plaintiff, as auctioneer, went into possession of the property "on behalf of and as the agent of said Eliza J. Moore, only and not otherwise." This finding is contrary to the evidence, oral and written. The written authority given Williams as auctioneer is signed by both said Moore and said Salzgeber, and reads as follows: "I hereby authorize said C. B. Williams to dispose of the above-described property and further agree to pay said C. B. Williams a commission of 10 per cent on said sale if sold by him, or me at private sale or by auction." Williams had agreed to make the sale on September 27th, but the sale seems to have been postponed, the parties signing an instrument as follows: "This sale is adjourned till October 4, at 10 A. M.," and signed by Eliza J. Moore and Louis Salzgeber. The book of the auctioneer, which was put in evidence without any objection to its competency, together with his testimony, shows that the property here in controversy was sold as the property of Salzgeber under an agreement between the two that the proceeds of the sale were to be turned over to Salzgeber. It also appears from the evidence that for several days before the sale and up to the sale Salzgeber was furnishing feed for the stock, assisting in their care, and performing other acts of possession and control over them. In short, it conclusively appears that, whatever may have been Mrs. Moore's intention, the purpose of Salzgeber and the auctioneer was to sell the property for the purpose of satisfying the Salzgeber mortgage.

2. It is also found as follows: "That a portion of the personal property described in and covered by said chattel mort-

gage was included in the property sold on said fourth day of October, 1899, but what portion thereof was so included does not appear." This finding is also not supported by the evidence. It does appear from the aforesaid book and from the testimony exactly what part of the property mortgaged to appellant was sold at said sale, and also how much it sold for; the amount thereof being $1,337.50, according to the auctioneer's book, which is not disputed by any other evidence.

3. Under the evidence the findings should have been to the effect that the property described as above was taken possession of by Salzgeber by the consent of Mrs. Moore, and that, according to the terms of the mortgage providing that he might do so, it was sold at public auction by the auctioneer acting as the agent of Salzgeber for the purpose of turning over the proceeds of the sale to Salzgeber in satisfaction, so far as it would go, of the note and mortgage belonging to Salzgeber.

If the finding had been thus drawn in accordance with the evidence, it would follow that the purchaser at the sale would have no right to deduct any indebtedness due her from Moore from the amount that she should pay to the auctioneer on account of her bid for that portion of the property sold under the Salzgeber mortgage. And the amount that said property brought being less that the amount due Salzgeber, it would follow that Salzgeber was entitled to, and should have had, judgment for the whole of said amount. This deduction from the evidence in the case is supported by the reasoning of a recent decision of this court. (*McIntyre* v. *Hauser*, 131 Cal. 11.) Salzgeber had the right to sell the property and receive the proceeds under the terms of the mortgage, and the sale having been made by him with the consent of the owner of the property, the proceeds belong to Salzgeber as against everybody concerned. It is not a case of the lien of the mortgage attaching to the proceeds of the sale, but, to the contrary, by reason of the agreements between the parties, the proceeds of the sale became the absolute property of Salzgeber. In this respect the case is distinguishable from *Freeman* v. *Meyer,* 112 Cal. 8.[1]

The judgment and order appealed from should be reversed.

Cooper, C., and Harrison, C., concurred.

[1] 53 Am. St. Rep. 151.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

McFarland, J., Henshaw, J., Lorigan, J.