ARIE JONGEWAARD, Respondent, v. CAMIEL GESQUIRE, Mrs. Camiel Gesquire, First National Bank of Montpelier, North Dakota, a Corporation, and H. G. Gullickson and A. C. Gullickson, a Partnership Doing Business Under the Firm Name and Style of H. C. and A. C. Gullickson, Appellants, and P. G. SITZ, Intervener.

(199 N. W. 585.)

Process — amendment to return to supply omissions in detailing acts of officer, proper amendment to return allowable although term of officer making original return has expired.

1. It is proper to permit a return to be amended so as to make it speak

Note.—(1) Time within which to amend return of writ, 21 R. C. L. 1330.

the truth, where all the steps to be pursued have been taken, but an error or omission in detailing them in the return has been made. When the amendment is proper, it is not error to allow it, although the term of the officer who made the original return has expired. The right to amend a return is recognized by statute in this state. Comp. Laws, 1913, § 7482.

**Process — duty to allow amendment to sheriff's return stated; amendment to sheriff's return should ordinarily be allowed only on notice and opportunity to all parties to be heard.**

2. The purpose of allowing an amendment of a sheriff's return being in the interest of justice and to make the record speak the truth, the amendment should be allowed in the exercise of the enlightened discretion of the court; it should ordinarily be allowed only upon notice and an opportunity to be heard afforded all parties interested; and when the rights of innocent third parties, previously acquired, are not affected thereby.

**Process — rule as to conclusiveness in collateral proceeding of recitals of fact in sheriff's return stated.**

3. The sheriff's return being a matter of record, other courts, in a collateral proceeding between parties or privies will not inquire into the correctness of the recitals of fact that may be appropriately made therein.

**Process — method of raising question as to correctness of amended sheriff's return stated.**

4. When a sheriff's return has been amended ex parte and an interested party desires to challenge the correctness of the amended return, application to quash or vacate the same should be made in the action in which it was filed and to the court that permitted the amendment.

**Attachment — evidence held to support finding that plaintiff did not waive or abandon attachment.**

5. For reasons stated in the opinion, it is *held*, that the plaintiff procured a valid attachment of the property of defendants and that plaintiff did not release, waive, or abandon such attachment.

**Liens — rights under agreement of lienholders as to sale of property and application of proceeds stated.**

6. When several lienholders agree among themselves to sell the property covered by the liens at public auction and designate one of their number to conduct the sale, agreeing that the proceeds of the sale of the property shall be applied to the satisfaction of the liens in the order of priority, the one holding the first lien is entitled to first payment out of the proceeds; when

---

(2) Necessity of notice of amendment of return of writ; see 21 R. C. L. 1329; 3 R. C. L. Supp. 1225.

(7) Appearance and pleadings as waiver of defects in attachment, see 2 R. C. L. 875; 4 R. C. L. Supp. 127.

the holder of the first lien conducts the sale, he holds the balance of the proceeds as trustee for the other and subsequent lienholders.

**Attachment — conduct of debtor may be such as to make that sufficient levy which otherwise would not be sufficient.**

7. The conduct of the debtor may amount to a waiver, or an estoppel, or agreement that that shall be a sufficient levy upon his property, which, without such conduct, would not be sufficient.

Opinion filed June 21, 1924.

Attachment, 6 C. J. § 475 p. 246 n. 30, 31; § 500 p. 257 n. 42, p. 258 n. 45; § 501 p. 259 n. 51; § 503 p. 259 n. 56; § 504 p. 259 n. 58; § 505 p. 259 n. 60; § 512 p. 262 n. 96, 97, p. 264 n. 98; § 622 p. 317 n. 78; § 630 p. 319 n. 97; § 904 p. 398 n. 45. Liens, 37 C. J. § 52 p. 333 n. 19, 23.

Appeal from judgment of the District Court of Stutsman County awarding to plaintiff fund held by defendant bank and claimed also by other defendants. *Coffey*, J.

Affirmed.

*Hutchinson & Lynch,* for appellants.

*John A. Jorgenson,* for intervener and appellant.

Attachment is an extraordinary remedy, and the attaching creditor must show a strict compliance with the statute. Ireland v. Adair, supra, 2 R. C. L. 6.

The return is conclusive as to its recital or the attaching officer's acts. It cannot be amended by the testimony of the officer or varied or contradicted by him. It cannot be amended in a different court and without notice. It was error to permit the officer to contradict or amend his original return. 20 Am. St. Rep. 808, note; Standard Wine Co. v. Chipman (Mich.) 97 N. W. 679; 2 R. C. L. 54–58.

A mere verbal declaration of a seizure is insufficient. Hollister v. Goodale, 8 Conn. 332, 21 Am. Dec. 674; Jones v. Howard, 99 Ga. 451, 59 Am. St. Rep. 231, 27 S. E. 765; Shanklin v. Francis, 67 Mo. App. 457.

Where property is in possession of a bailee, giving notice to him that it is attached, without taking manual possession thereof, will not bar a subsequent attachment by other creditors, though, after seizure, the officer aranges with the bailee for the care of the property. Shankling v. Francis, supra.

An attachment of a defendant's property incapable of manual delivery, under Code § 235—requiring the service of a copy of the writ and a notice describing the property on the holder thereof, is insufficient unless an inventory of the property seized is made and returned.   O'Brien v. Mechanic's Ins. Co. 45 How. Pr. 453, 14 Abb. Pr. N. S. 314.

Since an attachment of chattels rests upon possession, it is dissolved when the attaching officer parts with custody of the chattels.   Beaulieu v. Clark, 210 Mass. 90, 96 N. E. 319.

In order to preserve an attachment lien upon property left with the debtor for use, it is necessary that there should be a keeper immediately representing the attaching officer who should be in possession and control of the property, and that the use should be under the immediate supervision of such keeper.   Jones Lumber Co. v. Faris, 6 S. D. 112, 55 Am. St. Rep. 814, 60 N. W. 403; Bagley v. White, 4 Pick. 395, 16 Am. Dec. 353; Baldwin v. Jackson, 12 Mass. 131.

*Carr & Rittgers,* for respondent.

It was not necessary that the judgment as entered refer to the attachment lien nor direct a sale of the property attached in satisfaction thereof, as the law imposes that duty upon the attaching officer.   Mott v. Halbrook, 28 N. D. 251, 148 N. W. 1061; 6 C. J. 486, note 96.

Waiver is always a question of fact and the facts in this case distinctly prove that there was no waiver of the lien.   The law does not favor waivers or abandonments.   Nor is the lien waived by a sale of the property under consent of all of the parties.   6 C. J. 277, note 23, 311, 322, 362; 36 N. D. 346; 27 L.R.A. 374.

A sheriff's return on execution, wherein he certifies, in general terms, that he "levied" is sufficient without stating the acts done in making the levy; the necessary proceedings will be implied.   Byer v. Etnyre, 2 Gill, 150, 41 Am. Dec. 410; Tullis v. Brawley, 3 Minn. 277; Rohrer v. Turrill, 4 Minn. 407; Folsom v. Carli, 5 Minn. 333, 80 Am. Dec. 429; Hutchin v. Carver County, 16 Minn. 16, 17 Cyc. 1370(b).

After judgment entered in a case, the trial court may, in furtherance of justice and in affirmance of such judgment, permit the sheriff on his application to amend his return of service of summons in accordance with the truth, and thus bring upon the record jurisdictional facts.   Such amended return, when filed, relates back to the original

return, and has the same effect as if the amended return had been originally made. Milles v. Howland (N. D.) 49 N. W. 413.

Where the court had jurisdiction of the parties and the subject-matter, in a particular case its judgment unless reversed or annulled in some proper proceedings, is not open to an attack or impeachment by parties or privies in any collateral proceeding whatever. Black, Judgm. § 245; McGoon v. Scales, 19 L. ed. 545.

A judgment rendered by a court having jurisdiction of the parties and the subject matter, unless reversed or annulled in some proper proceeding is not open to contradiction or impeachment, in respect to its validity, verity or binding effect, by parties or privies, in any collateral action or proceeding. 23 Cyc. 1055.

An absolute conveyance of property, although made to defraud creditors, will convey the legal and equitable title to the grantee as against all the world except defrauded creditors. 27 C. J. 653, § 420.

As respects creditors of the grantor, a fraudulent grantee stands in the grantor's place and has no equities or rights superior to those possessed by the grantor against such creditors. The title taken is subject to be taken by such creditors to the extent that it is necessary to satisfy their claims. 27 C. J. 665, § 446.

JOHNSON, J. This is an action in equity. The appeal is from a judgment of the district court of Stutsman county, entered on the 15th of August, 1923, in favor of the plaintiff. The action was commenced on June 23, 1923. A trial de novo is demanded in this court.

On the 17th of April, 1922, the plaintiff Jongewaard commenced an action against the defendants Gesquire and wife in the district court of Stutsman county to recover for services as a thresher, performed in the fall of 1920. By stipulation of the parties the place of trial was changed from Stutsman to Barnes county, North Dakota, and judgment was entered on July 20, 1922, in favor of Jongewaard for the sum of $477. On the day when this action was commenced a warrant of attachment was issued out of the district court of Stutsman county. The attachment papers were delivered to the sheriff and service thereof was made on the defendants in that action on April 18, and the return filed on April 21, 1922. In his return the sheriff certifies that he

"levied upon" certain described property of the defendants by serving notice of levy on the defendants personally.

On the 14th of April, 1922, the defendant, The First National Bank of Montpelier, commenced an action and levied on chattels and personal property of the defendants Gesquire and wife, which is the same property upon which the sheriff levied in behalf of the plaintiff Jongewaard on the 18th of April, 1922. On the 21st of April, the defendants Gullickson Brothers commenced an action and caused an attachment of the same property to be made in their behalf. Defendants on that date were indebted to Gullickson Brothers in the sum of $94.87 and to P. G. Sitz in the sum of $348.35. Sitz assigned his claim to Gullickson Brothers before the action was commenced. The property attached in these various proceedings consisted of horses, cattle, poultry, farm machinery, seed and feed grain.

It will be noted, therefore, that levies in three different actions were made upon the same property of the defendants Gesquire and wife, to wit, on the 14th, 18th, and 21st of April, 1922, respectively; that the lien of the defendant, The First National Bank of Montpelier, attached first in point of time, that of the plaintiff Jongewaard second, and that of Gullickson Brothers third. In the cause of action of Gullickson Brothers was included the claim assigned to them by intervenor Sitz.

On the 23d day of December, 1922, the plaintiff Jongewaard, respondent on this appeal, commenced an action in the district court of Stutsman county against The First National Bank of Montpelier, Gullickson Brothers, a partnership, and Gesquire and wife, the two last named being the defendants in the Barnes county action which had gone to judgment the previous July. The plaintiff alleges the bringing of the Barnes county action and entry of judgment therein. It is then alleged that subsequent to the three attachments heretofore referred to, all the parties to the action agreed among themselves that the defendants Gesquire and wife should execute chattel mortgages to The First National Bank and to Gullickson Brothers to secure the sums due these parties and that the lien of such mortgages should attach in the order in which the attachments were made; that at the request of Gesquire and by agreement of all the parties, the property attached was left in the possession of the debtor; that in November, 1922, again at the request of Gesquire and by agreement of all the other parties, foreclosures

were waived under the mortgages and pursuant to the attachment of the plaintiff and a sale at public auction was agreed to instead; that it was further agreed that the bank should conduct the sale and collect and hold the proceeds thereof in lieu of the property covered by the liens and that such proceeds should be distributed, first, in satisfaction of the lien of the chattel mortgage held by the bank, second, in payment of the amount due the plaintiff Jongewaard, and third, in payment of the claim of Gullickson Brothers. It is then alleged that the sale was had, that the proceeds amounted to $2,700, and that the bank refuses to pay any portion thereof to the plaintiff, pursuant to the agreement set out. The plaintiff demands judgment that the bank be required to account for the proceeds of the sale received by it and to apply the same in the manner provided in the agreement.

By stipulation of the parties, one P. G. Sitz was permitted to file a complaint in intervention. It is not necessary to state the facts alleged in that complaint. The purpose of the intervention was to enforce a claim against the proceeds of the auction sale, based upon the transfer of a note, secured by a chattel mortgage dated in May, 1922, executed by the Gesquires to Gullickson Brothers in the sum of $348.35, the amount of the claim against the Gesquires, which Sitz assigned to Gullickson Brothers before the action by that partnership was commenced. This mortgage, by agreement, as hereinbefore stated, constituted a lien subsequent to that of the mortgage executed about the same time to the defendant bank.

Answers were interposed, denying generally the material allegations of the complaint and also of the complaint in intervention. Gullickson Brothers claimed that the lien of plaintiff's attachment had been released and abandoned, but admitted that the attachment had been made. The bank, in its answer sets out a detailed statement of the proceeds of the auction sale and disclosed in its hands a balance of $352.59, after satisfying its own claims, which balance it expressed willingness to pay to such persons as the court found entitled to the same.

The findings of the trial court followed substantially the allegations of the complaint. The judgment decrees that the defendant, The First National Bank, pay the plaintiff out of the proceeds of the auction sale the sum of $502; that the defendant bank was entitled to retain all of the proceeds of the sale to apply upon indebtedness owing to it

from the defendants Gesquire and wife, except the sum of $603; and that the defendants Gullickson Brothers and the intervenor P. G. Sitz have judgment against the defendant bank for the payment to them of any balance left in its possession after paying the plaintiff the sum of $502 as aforesaid. From this judgment defendants Gesquire and wife and Gullickson Brothers and P. G. Sitz, intervener, appeal. The defendant bank does not appeal.

The sufficiency of the sheriff's original return in the action in the Barnes county case having been attacked at the trial of the present action, a postponement was obtained at the request of the plaintiff from the 23d until the 25th of June, 1923, for the purpose of enabling the plaintiff to call the sheriff or the deputy sheriff of Barnes county. The deputy sheriff who made the levy in the Barnes county action testified, in substance, both on direct and cross examination, that he took possession of the property and took a receipt therefor from the defendant Gesquire. The receipt was not produced; the deputy said it had been lost. The plaintiff was permitted to put in evidence, as a part of the record in the case in which judgment was entered in Barnes county, July 20, 1922, an amended sheriff's return, dated June 25, 1923. It appears from the record that an ex parte order permitting the amendment was procured from the judge who tried the Barnes county case, and that the defendants, Gesquire and wife, had no opportunity to be heard upon the propriety of permitting the amendment.

Counsel asked leave and was permitted to offer the amended return before resting his case. Both counsel for defendants objected to the amendment generally because it had been made ex parte. The court admitted the amended return as a part of the record in the Barnes county action.

The contentions of the appellants Gesquire and wife may be summarized as follows:

1. That the court erroneously found and held that there had been a valid levy in the Barnes county case on the property of the Gesquires, which was described in the sheriff's return and sold at public auction by agreement of the owner and the lienholders; and that by virtue of such lien plaintiff was entitled to share in the proceeds of the auction sale as a second lienholder. This embraces specifications 1 to 12, inclusive, and 15, 16 and 18. It is contended that the attachment is void

mainly because the return of the sheriff did not show that possession had in fact been taken of the property attached, and also because an inventory was not filed, in conformity with § 7546, Comp. Laws 1913.

2. That the court erroneously admitted an amended return of the sheriff in the Barnes county action and permitted the deputy sheriff to be examined with respect to such amended return and the facts omitted from the original return as made by him. This embraces specifications 18a, 21, 22, 23.

3. That the court erroneously admitted testimony tending to show an agreement purporting to bind Gesquire for the purpose of keeping in force and alive the lien of plaintiff's attachment. This embraces specifications 19 and 20.

The contentions of the intervener Sitz and Gullickson Brothers are not materially different, except that Gullickson Brothers predicated error on the refusal of the trial court to permit them to file an amended answer after the trial commenced, denying the allegations of the plaintiff's complaint as to the levy of the attachment. The original answer admitted the attachment.

We shall consider the contentions of all appellants together. Inasmuch as we shall decide the question as to the validity of the attachment in connection with the appeal of other appellants, no prejudice, under the facts and the manner in which that question arises, resulted from the refusal of the trial court to permit the amendment.

Most of the errors assigned by the appellants center around the claim that there was not a valid attachment in the Barnes county action. No question can be raised as to the existence of the indebtedness. That matter was litigated in the Barnes County case and determined adversely to defendants.

The original return, so far as material, certified "that pursuant to the warrant of attachment which was served upon the debtor the sheriff levied upon . . . property by serving a copy of said *notice of levy*" on the defendants. It is true, it does not say that the sheriff took *actual possession* of the property, but it does recite that a *levy* was made. No separate inventory was filed.

It is contended by the appellant that the sheriff did not take possession of the property, but that the same was left on the premises at all times in the custody of the defendant (debtor), and that the attach-

ment is void under both the original and the amended returns. The sheriff testified that he took a receipt from the defendant and the record tends to show, as the trial court found, that the property was left in the custody of the debtor by agreement of all the parties, in order to enable Gesquire to farm the land during the season of 1922. It has been held that the mere entering of property by the sheriff on the execution, with the debtor's assent, is conclusive on the defendant, even though the property be not present and the sheriff does not know where it is. This rule rests on the proposition that the defendant or the judgment debtor may by his own conduct estop himself from questioning the sufficiency of the levy on this ground. That is to say, his conduct "may amount to waiver, or an estoppel, or agreement that *that* shall be a levy, which without such conduct, would not be sufficient." Taffts v. Manlove, 14 Cal. 48, 50, 51, 73 Am. Dec. 610. The testimony of the deputy sheriff is quite explicit. He says he left the property in the custody of the debtor, and took his receipt therefor. In this receipt defendant Gesquire agreed "to hold the property" subject to the order of the sheriff. The debtor cannot now successfully say that the holding of the property which he agreed should be subject to the order of the attaching officer was in fact a holding by him as owner. It is plain from the record that it was an accommodation to the debtor to permit him to retain the possession of horses and machinery needed for operating the farm. The defendants' attack upon the attachment on this score makes no appeal to the conscience of a court of equity. It is true that this testimony of the deputy as to the receipt is denied by the defendant. We are impressed by the testimony of the officer whose business it was to make levies in such proceedings. He testified that he took the receipt according to his custom. The trial court heard both witnesses, and we see no reason for reversing the findings of the trial court upon this question of fact.

The defendants Gullickson Brothers, on elementary principles, are in no position to challenge the validity of the attachment on the ground that the sheriff did not take possession of the property. The trial court found, and the findings are amply supported by the testimony, that the attorney for Gullickson Brothers agreed that the property be left in the possession of the debtor and that the liens of the three attachments should stand in the order the levies were made. In their original an-

swer they admit that plaintiff attached property of defendants, Gesquire and wife. The sheriff's return was the same in all three actions. The rights of innocent third persons are not involved. No one was misled because the debtor had possession of the property.

The intervener is in no better position than Gullickson Brothers, his assignees of the original indebtedness from Gesquire to Sitz, and his transferrers as to one note of defendant Gesquire for the same amount. It is not alleged in the complaint of intervention that Sitz has any lien on the property attached; nor is there any evidence to that effect, except the transfer by Gullickson Brothers to Sitz of one of the two notes secured by the mortgage. Presumably Sitz relies on the equitable rule that a pro tanto interest in the security accompanied the transfer, in the absence of a contrary agreement. Brynjolfson v. Osthus, 12 N. D. 42, 96 N. W. 261. The chattel mortgage given to Gullickson Brothers, covering the property in question, secured a note still held by them and was offered in evidence as a part of their defense. Gullickson Brothers had apparently at all times acted as agents for collection of Sitz. Sitz acquired no greater right or interest in the security than Gullickson Brothers had at the time of the transfer. At that time their lien was inferior to that of the plaintiff.

The amended return alleges the taking of actual possession of the property and quite fully states the facts as to what the sheriff did in executing the writ. Both returns contained a detailed list of the property, but without estimates of value.

A collateral attack upon an attachment on the ground that the sheriff failed to file a signed inventory of the property seized, giving the estimated value of the several articles, as required by § 7546, Comp. Laws 1913, cannot be sustained when the return, as made by the officer, contains a list of the property seized, though without estimates of value. Jolley v. Dunlop, 34 S. D. 213, 147 N. W. 980.

It is proper to permit a return to be amended at any time so as to make it speak the truth, where all the steps to be pursued have been taken, but an error or omission in detailing them in the return has been made. 6 C. J. 257; Freeman, Executions, 3d ed. p. 2036 ff; Safford v. Morris Metal Products Co. 99 Conn. 372, 121 Atl. 885. When the amendment is proper, it is not error to allow it, although the officer who made the original return was a deputy and his term has expired. Lari-

more v. Parker, 109 Kan. 66, 197 Pac. 1118. The right to amend in attachment proceedings is statutory in this state. Comp. Laws 1913, § 7482. See Hilbish v. Asada, 19 N. D. 684, 125 N. W. 556.

The purpose of allowing an amendment of the sheriff's return being in the interest of justice and to make the record speak the truth, the amendment should be allowed in the exercise of the enlightened discretion of the court. It should ordinarily be allowed only upon notice and an opportunity to be heard afforded all parties interested. 6 C. J. 259; Freeman, Executions, 3d ed. pp. 2036, 2041; and when the rights of innocent third parties, previously acquired, are not injuriously affected thereby. 6 C. J. 259.

The return being a matter of record, other courts, in a collateral proceeding between parties or privies, will not inquire into the correctness of the recitals of the facts that are and may be appropriately made therein. Learned v. Vandenburgh, 7 How. Pr. 379; Gunn v. Howell, 35 Ala. 144, 73 Am. Dec. 484; Holbein v. Murphy, 20 Mo. 447, 64 Am. Dec. 194; Davis v. Campbell, 12 Ind. 192; Perrin v. Leverett, 13 Mass. 128; Bishop v. Poundstone, 11 Colo. App. 73, 52 Pac. 222.

In the case at bar, the amended return to which objection is made on this appeal was made in another action, the one tried in Barnes county. The amendment was allowed by the judge who presided at that trial, but without notice to the defendants in that proceeding, who were also among the defendants in the present action. When the amended return was offered in evidence it was a part of a court record in a case that had gone to judgment and the return was material evidence upon issues of fact in the case at bar. We see no escape from the conclusion that the objection that the amendment was allowed ex parte was not available under the facts in the record. If the amended return did not speak the truth and the defendant desired to contest the correctness of the return with respect to the facts constituting the levy, it was incumbent upon him to challenge the return in an appropriate proceeding in the case in which it was filed and before the tribunal in which the judgment had been entered. He did not do so. It is true that a postponement was taken for the purpose of enabling the plaintiff to procure from the judge, who presided in the Barnes county case, an order authorizing the sheriff to file an amended return. If, however, the defendant in that action was not satisfied that the amended

return spoke the truth, he could have applied to the trial court in the case at bar for a continuance in order to enable him to make an appropriate application to the court in the other action to quash or vacate the amended return. This he did not do. It must be presumed that the trial court in the case at bar would have granted an application for a postponement in order to enable the defendants to make whatever showing they could in the other court, challenging the correctness of the amended return. Had such an application been denied, a different situation might have been presented. In the case of Past v. Rennier, 30 N. D. 1, 151 N. W. 766, the court said: "It appears that the amended return had been made pursuant to an order of the district court in the former case after notice and upon hearing, and upon due proof by affidavit of the facts therein stated. It is evident that the amended return must be accepted as proper proof in the case at bar. If it is not a correct statement of what occurred, application to strike it from the files should have been made in the proper case where the parties interested would have notice and an opportunity to litigate that question. *It is obviously unfair to attack a return of one case when it is offered in evidence in another.*" (Italics are ours.) We are constrained to hold that the amended return was properly admitted in evidence; that it is conclusive upon the parties in this collateral proceeding; and that it must be considered as containing a truthful recital of what occurred when the sheriff levied on defendants' property in the case tried in Barnes county. See Bishop v. Poundstone, supra.

It should be noted that the defendants cross-examined the deputy sheriff as to what he did when the levy was made in the Barnes County case. He stated fully what he did. He explained that the failure to state the facts with reference to taking possession of the property in the return, as originally made, was due to an oversight; that in fact he took possession of the property and left it in the custody of the owner after taking his receipt therefor. It does not appear from the record that the defendants could make a stronger showing in the trial court, or in the court in which the amended return was filed, negativing the testimony of the deputy in this regard, or otherwise showing that the statements made by him as to the fact of levy were untrue. It has been held that when the sheriff's return asserts that certain property was attached, but does not recite the performance of all the necessary

acts, parol evidence is admissible to prove their performance. Brusie v. Gates, 80 Cal. 462, 22 Pac. 284; Sinsheimer v. Whitely, 111 Cal. 378, 52 Am. St. Rep. 192, 43 Pac. 1109. Such evidence is in aid of the return. In the case at bar, the testimony of the deputy sheriff, supplementing the original return, shows that he took possession of the property in compliance with the statute.

The situation in the case at bar is entirely different from that presented in Ireland v. Adair, 12 N. D. 29, 102 Am. St. Rep. 561, 94 N. W. 766. In that case the return simply recited that he *"served"* the attachment papers upon the executors by leaving copies with them and that the executors "certify . . . that they hold a sum of money" belonging to defendant. There is no recital that a *levy* was made upon the property. The return in that case was fatally defective in failing to show even a substantial compliance with the statute.

On the face of the record there was a valid attachment, in the Barnes County case, and the plaintiff, by virtue thereof, had a lien on the property attached second to that of the bank, unless the same was waived or abandoned.

Did the plaintiff release, waive, or abandon the lien of attachment? If such lien was lost it was because of conduct which plaintiff never intended should have that effect. The testimony and the findings of the trial court show that it was agreed between Gullickson Brothers on the one hand, and the bank and Jongewaard on the other, that the attachment liens should stand in the order made, the lien of Gullickson Brothers being third; that the property should remain in Gesquire's possession so that he could farm the land. Later, the bank and Gullickson Brothers took chattel mortgages to secure the same indebtedness; again it was agreed between the bank and Gullickson Brothers that the liens of the chattel mortgages should stand in the same order, i. e., that of the bank first, and that of Gullickson Brothers subsequent thereto. Thereafter, on November 22, 1922, plaintiff agreed with the bank that the property be sold at public auction instead of at a forced sale pursuant to the chattel mortgage taken by the bank. In this agreement, plaintiff's Exhibit 3, it is expressly agreed that the proceeds of the sale of the property shall be first applied on the claim of the bank and the balance, if any, in satisfaction of "other liens. mortgages or

judgments in the order that they are recorded in the office of the register of deeds." So far there is clearly no intention to waive any lien the plaintiff had on the property attached. Quite the contrary. Was there notwithstanding a waiver or abandonment thereof? We do not think so. The sale at public auction of the property covered by the two mortgages and the attachment lien of the plaintiff was made by the consent of the mortgagor and of all the lienholders. The proceeds of the auction sale belonged to the bank in an amount sufficient to satisfy the indebtedness secured by its mortgage; Williams v. Corker, 144 Cal. 468, 77 Pac. 1004. The bank held the surplus as trustee for the other and subsequent lienholders who were parties to the agreement.

We have now considered all of the specifications of errors except the third group, pertaining to the agreement alleged to have been entered into for the purpose of keeping alive the attachment and which agreement was claimed to be binding on Gesquire. It is not necessary to review the evidence in detail to determine whether or not Markem, the cashier of the defendant bank, had authority to act for Gesquire and make him a party to that agreement. The record, as we have held, supports the findings and conclusions of the trial court that the plaintiff made a valid levy upon the property of the defendant Gesquire; that the attachment was never released or abandoned by the plaintiff; and that, pursuant to an agreement among the lienholders, the plaintiff became entitled to share in the proceeds of the auction sale of the property attached and covered by mortgage liens in favor of the plaintiff, the bank, and Gullickson Brothers. The evidence tends to show that Markem, at Gesquire's request, made arrangements with Jongewaard, through his attorneys, for the purpose of permitting Gesquire to retain possession of the property attached during the farming season; and that the auction sale was had at Gesquire's request rather than a sale on execution or pursuant to foreclosure of the mortgage lien. In view of the difficulty with which Gesquire understood and expressed himself in English, we might hesitate to hold that he authorized Markem to act for him in this regard with full understanding of the consequences of his acts. As has been pointed out, the decision is not rested upon that proposition and it is not necessary to determine the

extent of the authority of Markcm to bind Gesquire, insofar as the relations between Gesquire and the plaintiff are concerned.

The judgment of the trial court is affirmed.

BRONSON, Ch. J., and CHRISTIANSON, NUESSLE, and BIRDZELL, JJ., concur.