RICHARD B. COVINGTON, plaintiff in error, vs. COTHRANS & ELLIOTT, defendants in error.

An attachment issued on the 3d of April, 1866, returnable to the *Inferior* Court, is amendable by inserting the word "*County*" instead of "*Inferior*."

Covington vs. Cothrans & Elliott.

Certiorari. In Floyd Superior Court. Decided by Judge FEATHERSTON. July Term, 1866.

On the third of April, 1866, an attachment for a debt of twelve hundred dollars, was issued by a Justice of the Peace, at the instance of the defendants in error, against the plaintiff in error, and made returnable to the *Inferior* Court, May Term, 1866. At said Term of the *County* Court, the defendant in attachment moved to dismiss it, on the ground that after the 17th day of March, 1866, the Inferior Court had no jurisdiction of such a case.

The County Court so ruled, and passed an order dismissing the attachment.

Upon Certiorari, the Superior Court reversed said order, and directed the cause to be reinstated.

This is now complained of as error.

ALEXANDER, for plaintiff in error.

UNDERWOOD & SMITH, for defendants.

WALKER, J.

We find no error in this record. The Justice was by law authorized to issue the attachment; in this, he was acting as a ministerial officer, and the mistake in the name of the Court to which he made the attachment returnable, was amendable. The County Court was substituted for the Inferior Court; the powers of the latter transferred to the former; and the semi-annual terms of the County Court held at the same times as the Inferior Court had been. The defendant was not ignorant of the Court to which the process was returned, for he appeared at the proper term, and objected to the proceedings, because a single word "Inferior" had been used by the mistake of a ministerial officer for the word "County." The time for such trifling is past.

This case is unlike the case of *Gresham vs. DeLauny*, de-

ᵛcided, at the last June Term of this Court, for the reason that in the case at bar the officer had authority to issue the process, while in the case at last term the authority had been expressly taken away from him. It was insisted in the argument that the case of *Aycock vs. Aven*, 25 *Ga. R.* 694, controls this case. We prefer to place our decision on the ground already stated. We think we see reasons which, perhaps, might make an essential difference between the cases, as well as between *Gresham vs. DeLauny,* and *Aycock vs. Aven*

Judgment affirmed.