Cox *vs.* Felder, executrix.

---

WILLIAM J. COX, plaintiff in error, *vs.* SARAH FELDER, executrix *de son tort* of GEORGE D. FELDER, defendant in error.

[Judge Harriss did not preside in this case.]

1. An officer of one county may issue an attachment returnable to the Courts of another.

2. An executor *de son tort*, who is removing the assets of the deceased out of the county, is liable to be attached, and the assets levied on.

Attachment.   Motion to dismiss.   Decided by Judge CLARKE.   Webster Superior Court.   September Term, 1867.

The foundation of this attachment was an affidavit in these words :

GEORGIA, SUMTER COUNTY :

Personally came before me William J. Cox, who, on oath, says that George D. Felder, in his lifetime, was indebted to deponent in the sum of Two Hundred and Eighty-Eight Dollars, now due, besides interest, and that since the death of said George D. Felder, Sarah Felder has become executrix by intermeddling with the goods and chattels of said deceased, and that she is actually removing the property of said estate without the limits of the county of Webster, so that the ordinary course of law cannot be served on her.

W. J. COX.

Sworn to and subscribed before me, November 27th, 1866.

N. A. SMITH, Notary Public.

The said Notary issued an attachment returnable to the Superior Court of Webster county, Georgia, to March term, 1867.

A levy was made on certain property, and replevin bond given. At said term, Sarah Felder filed her affidavit, denying the grounds for attachment taken in the affidavit.

At the same term, by her attorney, she moved to dismiss the attachment—

1st. "Because said affidavit does not show a statutory ground for issuing an attachment."

2d. Because said Notary of Sumter county could not issue an attachment returnable in Webster county.

The Court dismissed the attachment, putting his judgment on the last ground aforesaid.

This judgment is brought up for review.

WILLIS A. HAWKINS, for plaintiff in error.

S. H. HAWKINS and R. F. LYON, for defendant in error.

WALKER, J.

1. Before process of attachment shall issue, an affidavit shall be made that the debtor has placed himself in a condition to be attached. Rev. Code, Sec. 3200. Nothing is said as to the residence of the officer; Section 3201 makes it the duty of the officer before whom the affidavit is made to take bond, with good security, for the payment of damages and costs, which the defendant may sustain. Affidavit being made and bond given, the officer before whom the affidavit was made, "or any officer authorized so to do," may issue the attachment returnable to the proper Court. Secs. 3203 and 3205. We find nothing in the statutes which prohibits an officer of one county from issuing attachments returnable to the Courts of another; and believing that the authority is one which may be for the convenience and advantage of suitors, we approve the authority thus conferred, and hold that the officers of one county, authorized by law to issue attachments, may make them returnable to the Courts of

another county, under the provisions regulating the issuing of attachments.

2. The affidavit in this case alleges that defendant "is actually removing the property of said estate without the limits of the said county of Webster." This is a compliance with the requirements of the Code in such cases—Rev. Code, Sec. 3210. The Court should have sustained the attachment.

Judgment reversed.