R. J. G. BLAKE, plaintiff in error, *vs.* J. B. CAMP, defendant in error.

Where an attachment was sued out, returnable by law, to 1120th District, Georgia Militia and the bond, so recited, but the magistrate, by mistake, made the attachment returnable to the 919th District, Georgia Militia.

*Held,* That if the levying officer, in fact, returned the papers to the proper district, to-wit: the 1120th, and judgment was then entered up on the attachment, the judgment was not void, and an affidavit of illegality, setting up these facts, was properly overruled.

Attachment. Amendments. Tried before Judge HARVEY. Floyd Superior Court. July Term, 1871.

The facts are in the opinion.

WRIGHT & ALEXANDER, for plaintiff in error.

W. B. TERHUNE, by WRIGHT & FEATHERSTON, for defendant.

McCAY, Judge.

The attachment was returned by the officer to the 1120th district, which was the proper district, according to the last residence of the defendant, and the trial was had and judgment obtained before the magistrate of that district. By a mere slip of the pen, the magistrate who issued the attachment had made it returnable to his own district. He used his printed forms, and made it returnable to the Justices'

Blake *vs.* Camp.

Court of said district, which, as a matter of course, must be taken literally to be the district mentioned on the margin, to-wit: 919th district.    But the bond recites the proper district; the officer who served the attachment returned the affidavit, bond and attachment to the proper district, and it was then tried and judgment given.    The Court giving the judgment had jurisdiction of the case under the law.    The only trouble is that the direction to the officer in the attachment process was, by a clerical error, wrong.

We do not think this mistake makes the proceedings void. It is not the written direction to the sheriff or constable which gives the Court jurisdiction, but the law.    If the officer had obeyed the direction and returned the papers as directed, the Court to which it would then have been returned, would not have had jurisdiction, and the judgment would have been void.    As it is, the Court which tried the case was authorized to do so by the statute.    Our statute of amendments is very broad.    No technical objections even to a process are to be regarded, if the Court has jurisdiction: Section 3269 of the Code.    Process is amendable: Code, section 194.    The attachment and bond are amendable: Code, section 3240. The omission to give the Court jurisdiction in the pleadings is amendable: Code, section 3438.    And it is laid down as a general rule, by McNamara on Irregularities, that nothing will make a judgment void that is amendable.

We therefore affirm the judgment in this case.    We may add, that at the last term of this Court, in a case from the Chattahoochee circuit, we held an attachment returnable on its face to the November Term of a Court, when it should have been made returnable to the May Term previously, was amendable if it was in fact returned by the officer to the May Term.

Judgment affirmed.