IN THE

# Supreme Court of Georgia,

## AT ATLANTA.

### SEPTEMBER TERM, 1884.

PRESENT—JAMES JACKSON, . . . . . . . . CHIEF JUSTICE,
SAMUEL HALL, . . . . . . . . . ASSOCIATE "
M. H. BLANDFORD, . . . . . . . ASSOCIATE "

## GUCKENHEIMER & SON vs. DAY & HIGGS.

1. Where an affidavit to obtain an attachment against the firm of D. & H. set out the names of the persons composing the defendants' firm, and stated that the said D. & H. "conceal themselves," it was not demurrable, on the ground that it did not allege that the individual members composing the firm concealed themselves.

2. The statute allows an agent or attorney to sue out an attachment. and consequently authorizes him to do whatever is necessary to perfect the process, including the execution of the bond required to accomplish this.

(a.) A declaration upon an account for the amount specified in an attachment, which alleged that the plaintiffs in the declaration were plaintiffs in attachment then pending in the superior court, and that the attachment had been levied on a lot of groceries as the property of defendants, fully described in the sheriff's levy on the attachment, which was then in the clerk's office of the superior court of the county, and which prayed judgment against the property attached, and also a general judgment, sufficiently identified the attachment upon which it was based.

(b.) A plaintiff in attachment has the right to amend the attachment, declaration or bond, as in other cases at common law.

3. Even if the levy was informal, because not sufficiently specific, it

v 74-1

could be put in form by allowing the officer making it to amend it, and authority. is given to the court before which the attachment is returned to order the amendment.

(*a.*) *Semble*, that an entry of the levy of an attachment in these words, " I have this day levied the within attachment on all the goods in the store of Day & Higgs, as the property of Day & Higgs, at twenty minutes after nine o'clock A. M., this 17th day of March, 1882," was sufficient.

December 19, 1884.

Partnership. Attachment. Amendment. Levy and Sale. Before Judge BOWER. Appling Superior Court. March Term, 1884.

Reported in the decision.

G. J. HOLTON & SON; HENRY B. TOMPKINS, by R. B. TRIPPE, for plaintiffs in error.

ROBERTS & SMITH, by brief, for defendants.

HALL, Justice.

The plaintiffs, by their agent, made an affidavit to procure an attachment against " Joseph Day and Isaac Higgs, doing business under the name and style of Day & Higgs," in which it was alleged that they owed plaintiffs $150, and that the said " Day & Higgs conceal themselves." They also gave the bond required in such cases, which was executed in their name by their said agent. The sheriff served the writ by entering thereon this levy:

"I have this day levied the within attachment on all the goods in the store of Day & Higgs, as the property of Day & Higgs, at twenty minutes after 9 o'clock A. M., this 17th day of March, 1882."

At the term of the court to which the attachment was returnable, they filed their declaration upon an account for the amount specified in the attachment, and alleged that they were plaintiffs in attachment then pending in the superior court, and that the attachment had been levied on a lot of groceries as the property of defendants, fully

described in the sheriff's levy on the attachment, which was then in the clerk's office of the superior court of the county, and prayed judgment against the property attached, and also a general judgment. To this suit the defendants filed a written demurrer, upon the grounds following:

(1.) That the attachment affidavit stated that Day & Higgs, using their partnership name and title, " conceal themselves," when it should have set forth that the individual members composing the firm conceal themselves.

(2.) It appears that the bond in the attachment proceedings is signed by an agent, and it is not shown that the agent had authority to bind the plaintiffs by his signature thereto.

(3.) That the levy made by the sheriff does not describe with sufficient certainty the property attached.

(4.) That the declaration " filed in the case " makes no sufficient reference to the proceedings, in that it fails to describe the defendants in attachment, or the term of the superior court to which it was made returnable, and " does not otherwise identify it as the declaration in said case."

Plaintiffs proposed to obviate the objections to the bond, levy and declaration by amendments, which the court refused. The demurrer was sustained, and judgment was rendered dismissing the suit; thereupon the plaintiffs excepted, and prosecuted their writ of error to this court.

1. We do not think that a proper construction of this affidavit justifies the conclusion that the firm, and not the individual members thereof, " concealed itself." The full names of the members of the firm are set forth, and then it is stated that " Day & Higgs conceal themselves." Day & Higgs were the members of this firm, and they are both' charged with concealing themselves. There is nothing in' this ground of the demurrer, and it should have been overruled.

2. Neither do we think that there was enough in either the third or fourth grounds to sustain the demurrer. The statute allows an agent or attorney to sue out an attach-

ment, and consequently authorizes him to do whatever is necessary to perfect the process, including the execution of the bond required to accomplish this. Code, §§3265, 3266. We think the declaration also sufficiently identified the attachment upon which it was based. A reference to the record of file would have left no doubt of this fact. *Id certum est quod certum reddi potest.* But admitting the existence of the defects pointed out by the demurrer, they were amendable. The right is given to plaintiffs in attachment by express enactment to amend the attachment or declaration or bond as in other cases at common law. Code, §3316. At common law, pleadings may be amended as matter of right, either in form or substance, at any stage of the cause, provided there is enough in them to amend by. *Id.*, §3479.

3. Even if the levy was informal, because it was not sufficiently specific, which, to say the least, in this case is somewhat doubtful, it can always be put in form by allowing the officer making to amend it, and authority is given to the court before which the attachment is returned to order the amendment. *Id.*, §3316. We are strongly inclined to think there was no necessity for these amendments, but as the plaintiffs were willing to make them, the court should have permitted it to be done.

Judgment reversed.