BAKER *et al.*, ADMINISTRATOR, *vs.* THOMPSON *et al.*

CLAIM, FROM WARREN. Process. Nullities. Practice in Superior Court. Waiver. Estoppel. New Trial. (Before Judge Lumpkin.)

Hall, J.—A suit was brought and process regularly issued, returnable to the next term of the court, but no service was perfected. The omission having been discovered at the trial term, an order was passed by the court, the effect of which was to make the case returnable to the next succeeding term, and to afford the party an opportunity to have the writ served. The clerk neither changed the date of the original process nor appended a new process, nor did he attach this order to the original writ and copy, but the writ as it stood was served twenty days before the term to which it was last made returnable, and at the trial term, there being no appearance or defence, a judgment by default was rendered. This was acquiesced in for ten years, when, a levy having been made and claim interposed, a motion was made to reject the execution from evidence, on the ground that the process was void:

Held, that, although the process, as served, was irregular, and may have been illegal as not following the requirements of the law, it was not void. It could have been amended, and the defendant having notice of the pendency of the suit and having failed to object in time to these defects, and having suffered judgment to go against him, without urging them, he thereby waived them, and they were cured by the judgment, and having acquiesced in it, he was estopped from calling it in question; it was binding between the parties, and, in the absence of fraud, was binding upon third persons. Code, §§3345, 206; Cobb's Dig., 488; 45 Ga., 298, 299; 51 Id , 203; Williams *vs.* Buchanan & Bro. (present term.) 1 GA. LAW REPORTER, p. 63.

(a) The court below, having first ruled the process to be void, was right in correcting this ruling by granting a new trial.

Judgment affirmed.

W. D. Tutt, E. P. Davis ; James A. Harley, for plaintiffs in error.

James Whitehead, for defendants.