## CHAFFEE v. RUNKEL, ROWLEY & CO.

1. On an issue as to whether a debtor was about to dispose of its property with intent to defraud its creditors, affidavits showed that the debtor was largely indebted for work and labor, and had tried to induce plaintiff, a laborer, to enter into a sham purchase, to prevent his co-laborers from obtaining a lien on the property to be sold; that afterwards the debtor repeatedly informed plaintiff and his co-laborers that, unless they resumed work, it would use all means to place its property so that they could get nothing for the money due them. One not a party to the action made affidavit that after the laborers quit work the debtor sold part of its property to a son-in-law of one of its officers, who had no

capital, and that he believed such sale a sham; that said officer said in the presence of affiant that, if the laborers who quit work did not go back to work, the debtor would arrange its affairs so that the laborers would never get the pay for their past work. Such statements were corroborated in every particular, though controverted by the debtor. *Held,* to sustain the burden of showing that the attachment, on its merits, was warranted.

2. Allowing the sheriff to file an amended return of the attached property, which added the estimated value of the articles attached, is within the sound judicial discretion of the trial court, both under general practice, and under Comp. Laws. §4938, providing that, in the furtherance of justice, process may be amended before and after judgment.

(Opinion filed December 17, 1898.)

Appeal from circuit court, Meade, county. Hon. A. J. PLOWMAN, Judge.

Attachment by Ambrose D. Chaffee against Runkel, Rowley & Co., a corporation organized and existing under the laws of South Dakota. From an order overruling a motion to discharge the attachment, defendant appeals. Affirmed.

The facts are stated in the opinion,

*Rice & Polley* (*Burke & Goodner*, of counsel), for appellant.
*Smith & Brown*, for respondent.

FULLER. J.   "That the defendant is about to assign, sell, and dispose of its property with intent to defraud its creditors, and especially this plaintiff," is the ground upon which an attachment issued; and this appeal is from an order overruling a motion to discharge such attachment, made by the defendant corporation, and supported by the affidavits of its president and other officers having charge of a sawmill; which, together with other machinery used in connection therewith, was, by virtue of the writ, levied upon. In opposition to the motion,

affidavits were presented to the court from which it appears
that just prior to the attachment, while appellant was largely
indebted to numerous persons for work and labor performed in
the prosecution of its business, the managing officers of the
company made an effort to induce respondent, who was then a
creditor, to enter into a sham and collusive purchase and sale
of one of its mills, for the avowed purpose of preventing his
co-laborers from attempting to subject such property to the
satisfaction of their claims, and with a secret understanding
that the possession of the same should be surrendered to the
corporation whenever the purpose of the delivery had been
fully attained. Soon thereafter, and repeatedly, respondent
and various other men to whom appellant was indebted for
labor, were informed by officers of the corporation having
authority to speak that unless they resumed work immediately,
without demanding payment of or security for their claims,
"the company would use all means to place its property in such
shape that they could get nothing for the money then due
them." Though controverted by appellant, the foregoing
statements, and the following affidavit by one not a party
to the action, are corroborated in every particular: "That
since said parties quit work, as this affiant is informed and be-
lieves, they sold at a pretended sale one of the mills, known as
'Camp 5,' situated in Lawrence county, South Dakota, to one
Hollister of Lead City; that said Hollister is a son-in-law of said
George Runkel, and, as affiant verily believes, said sale or pre
tended sale was a sham, and intended to defrau the creditors
of said defendant; that said Hollister had no money with which
to buy said mill; that said George Runkel said in the presence
of this affiant that it would be better for all of the said parties

who quit work as aforesaid to go back to work, and not insist on their pay, or security on same, as said company could so arrange their property as to prevent said parties from ever getting their pay. and that, if they did not go to work, that said defendant would so arrange his affairs that said parties could never get their pay for work and labor which had been performed by them." Although the affidavit upon which the attachment issued, as well as the foregoing statements, was specifically traversed. we cannot say that respondent, upon whom the burden rested, has failed to show by clear preponderating testimony "that the defendant is about to assign, sell, and dispose of its property with intent to defraud it creditors"; and our conclusion is that the court was reasonably justified in sustaining the attachment on its merits.

"That the court erred in allowing the sheriff of Meade county to file an amended return, containing an inventory of the attached property," is the only remaining contention of appellant's counsel. The return, which was made and filed within the 20 days allowed by Section 4999 of the Compiled Laws, de scribes the property attached as "one sawmill, consisting of carriage, husk, and saw, one boiler, one engine, one bolter, and one lath mill," but contains no statement of "the estimated value of the several articles and kinds of personal prop erty," as required by the foregoing statutory provision; and to supply such omission the amendment complained of was allowed. Under the liberal terms of Section 4938 of the Compiled Laws, providing that, in the furtherance of justice, process may be amended before and after judgment, the application to amend presented a matter clearly within the exercise of a sound judicial discretion; and we conclude, in the absence of

anything to show that appellant was prejudiced, or to indicate an abuse of such discretion, that the order allowing the amendment is fully sustained by the law. Drake, Attachm. (6th Ed.) 212; Guckenheimer v. Day, 74 Ga. 1. Independently of the statute, the practice of granting amendments, incidental to the exercise of judicial power, and indispensable to the ends of justice, applies to attachments as well as all other proceedings. Tilton v. Cofield, 93 U. S. 163. In our opinion, the motion to dissolve the attachment was properly overruled, and the order appealed from is affirmed.