339. RHODES, DOLVIN & COMPANY *v.* CONTINENTAL
FURNITURE COMPANY.

1. Where an attachment is returned to a court which the papers show on their face does not have jurisdiction thereof, that court should refuse to entertain jurisdiction, and may order the proceedings transferred and returned to the proper court.
2. Where a contract of sale contemplates transportation to the purchaser through the medium of a common carrier, ordinarily delivery of the goods to the carrier and acceptance from it of its standard bill of lading is delivery to the purchaser.

Appeal, from Greene superior court—Judge Lewis. November 7, 1906.

Argued May 13,—Decided May 28, 1907.

*S. H. Sibley,* for plaintiffs in error. *J. P. Brown,* contra.

POWELL, J. This action commenced by attachment issued by the justice of the peace of the 123d district, G. M., Greene county. The affidavit recited the residence of the defendant as being in the 141st district of that county. The bond in describing the case recited that the attachment was returnable to the justice's court of the 143d district, and the attachment itself was, by the justice, made so returnable. Thereafter the plaintiff, by leave of that court, amended the attachment and bond by striking the words "143d district" and inserting the words "141st district." It does not appear that the security to the bond consented to this amendment. After ordering the amendment, the justice of the 143d district directed that the case be withdrawn from that court and transferred to the justice's court of the 141st district, "to which it is returnable." The statutory notice of the pendency of the attachment in the justice's court of the 141st district was given to the defendant for the purpose of recovering a personal judgment. Without objection, the parties went to trial in that court, the defendant obtained judgment, and the plaintiff appealed to the superior court. In that court the defendant assailed the pleadings by moving to dismiss the case, "upon the ground that the papers showed upon their face that the case was one regularly sued out and returned to the justice's court of the 143d district, G. M., and that the attempted amendment and transfer thereof from said named court to that of the 141st district was without authority of law and void, and said court of the 141st district was without

jurisdiction to enter a confession of judgment by the plaintiff therein, and the superior court was without jurisdiction to entertain an appeal from such a confession, and further moved that the case be remanded to said court of the 143d district, as a case pending therein and undisposed of therein." The court overruled the motion, and the trial resulted in favor of the plaintiff. The defendant renewed his attack by motion in arrest of judgment, on the following grounds: "Because it appears on the face of the record that said case was an attachment regularly sued out to the justice's court of the 143d district, G. M., and that the bond given was for an attachment returnable to said court, and the attachment was actually returned to said court, and the papers made a case lawfully pending therein. It appears further that said court, without consent of the defendants or of the security in the attachment bond, undertook to transfer said case to the justice's court of the 141st district, and that confession of judgment was there entered by the plaintiffs without a trial. Movants show, therefore, that said court of the 143d district was without lawful authority to enter the orders it did and to transfer said case to said court of the 141st district, and that said latter court acquired no jurisdiction thereof, and that an appeal from a judgment in said latter court invests this court with no greater jurisdiction than said justice's court had, and that there is no regular or lawful basis in the record for a judgment in this court." The court overruled the motion in arrest of judgment and also a motion for a new trial. The defendant brings error.

1. We think that neither the motion to dismiss the action nor the motion in arrest of judgment was well taken. The law fixed the jurisdiction to hear the case in the district of the defendant's residence. While an attachment should give directions for its return, still "it is not this written direction to the sheriff or constable which gives the court jurisdiction, but the law." *Blake* v. *Camp*, 45 *Ga.* 298. Lack of jurisdiction in the justice's court of the 143d district appeared on the face of the record, since the affidavit recited that the defendant resided in the 141st district. The justice's court of the 143d district, therefore, properly declined to assume jurisdiction of the same. Every court has jurisdiction to entertain cognizance of a matter presented to it to the extent of determining whether it has jurisdiction, and, if it finds that it

has no jurisdiction, of giving directions to the matter, consistent with its lack of jurisdiction. When the justice of the peace discovered that he had violated the provisions of the statute, in returning the case to his own court, he properly refused to take jurisdiction; and his direction that it be transferred to the proper court, while probably not necessary, was an order consistent with his lack of jurisdiction. See *Carreker* v. *Thornton,* 1 *Ga. App.* 508, 57 S. E. 988, and cit.

At all events, the case was finally in fact filed in the proper court. In that court every amendable defect became cured by the trial and the judgment; for it is shown by the record that the defendant appeared at the trial and testified, though that trial resulted in a confession of judgment by the plaintiff. See *Covington* v. *Cothrans,* 35 *Ga.* 156; *Blake* v. *Camp,* 45 *Ga.* 298; *Townsend* v. *Stoddard,* 26 *Ga.* 430; *Williams* v. *Buchanan,* 75 *Ga.* 789; *R. & D. R. Co.* v. *Benson,* 86 *Ga.* 205, 12 S. E. 357, 22 Am. St. Rep. 446. It is true that the bond recited that it was given in a case returnable to the 143d district; and it may be that consent of the surety was necessary to an amendment of the bond, and even that the attempted amendment of the bond rendered it void as to him, so that it was no longer a good bond; but as to these things we give no opinion, for no attack was made upon the bond in accordance with the statutory method provided in the act of November 11, 1899. Ga. Laws 1899, p. 37. If the bond were found deficient, there would result, not a dismissal of the case, but a dismissal of the levy, and the plaintiff might have judgment notwithstanding the levy was dismissed. *Lockett* v. *De Neufville,* 55 *Ga.* 458; *Perry* v. *Mulligan,* 58 *Ga.* 479; *Hodnett* v. *Stone,* 93 *Ga.* 645 (2), 20 S. E. 43.

2. We think that upon the merits of the case the evidence demanded a verdict for the plaintiff. The defendant ordered a shipment of furniture from the plaintiff to be sent to him at Siloam, Ga., from High Point, N. C. It appears beyond controversy that the furniture was delivered in good order to the railroad company at High Point, and that it was damaged in transit by water leaking on it through a defect in the roof of the car. Indeed, one of the defendants, testifying as a witness, conceded: "I ordered all the furniture to be shipped in one car, and to come by railroad in the customary way. It was so shipped in the way I expected it to

be." Counsel for the plaintiff in error concedes that ordinarily in such sales delivery to the carrier is delivery to the purchaser, but contends that the rule is not applicable in this case, because the shipper took from the carrier a bill of lading which contained many material exceptions from its common-law liability, though the same was not signed by the shipper. It appears that the consignors took from the railway company its "standard bill of lading." It may be true that under the law of North Carolina it is not required, as in Georgia, that the shipper sign the contract of carriage in order to make its special terms effective; but we know of no common-law rule nor of any North Carolina statute which requires a carrier to issue any other than its standard bill of lading. However, an examination of the law in North Carolina as declared by its courts will show that in that State a carrier can not contract against its negligence. The rule there on that subject is as it is in this State. Nor is the stipulation in the bill of lading requiring the claim for damage to be filed within thirty days valid, under the laws of that State. Capehart v. Seaboard R. Co., 81 N. C. 438, 31 Am. Rep. 505. We think that delivery to the carrier may be held as delivery to the purchaser, where the carrier's standard bill of lading is accepted, in the absence of express direction from the purchaser requiring some other method of shipment, especially in the absence of any showing that the shipper had the power to compel the carrier, by whom it was mutually anticipated that the transportation was to be effected, to make any other form of contract of carriage, or that the carrier customarily issued any other form of bill of lading.

*Judgment affirmed.*