#### 820.   DAWSON *v.* THE STATE.

When a case not within the jurisdiction of this court is lodged in its files, upon discovery by this court of its lack of jurisdiction, it will order either that the case be peremptorily dismissed from the files or that it be transmitted to the Supreme Court, as the interests of justice in the particular case may require.

Indictment for murder, from Mitchell superior court.

Practice in the Court of Appeals. February 20, 1908.

*Jesse W. Walters,* for plaintiff in error.

*John C. Hart, attorney-general, W. E. Wooten, solicitor-general,* contra.

PER CURIAM. Every court has jurisdiction to entertain cogni-zance of a matter presented to it, to the extent of determining whether it has jurisdiction to hear it, and, if it finds it has no such jurisdiction, of passing such orders as are consistent with a lack of jurisdiction. For a court to order that a case be dismissed from its files and transmitted to the proper court is consistent with a finding of lack of jurisdiction. *Rhodes, Dolvin & Co.* v. *Continental Furniture Co., 2 Ga. App.* 116 (58 S. E. 293). The court without jurisdiction has no power, however, to determine whether the court to whom it orders the case transmitted may or shall receive it. Having found that this court is without juris-diction to hear this case, and believing that the interests of jus-tice may usually be best subserved by saving cases by transmitting them to the proper court rather than by peremptorily dismissing them, we caused the question to be certified to the Supreme Court as to whether such a transfer might be made. They have answered the question in the affirmative, and have so amended their rules as to make provision for the reception of such cases in that court. We will therefore order the clerk to dismiss the case from the files of this court and to transmit the record to the Supreme Court. This precedent will be followed as to such other cases as have been or may hereafter be improperly transmitted to this court; unless in particular instances the court has reason to believe that the improper transmission was intentional and was occasioned by a desire to delay the hearing of the matter, or by other sinister motive. Of course, the action of this court in transmitting a case to the Supreme Court is no limitation on the right of that court to order the case retransferred to this court for decision, if the Supreme Court decides adversely to the jurisdiction—that court being the final arbiter in such matters.