JOLLEY, Appellant, v. DUNLOP, Respondent.

(147 N. W. 980.)

1. **Trover—Conversion—Action For, Possession, as Ground for—Defense.**

   Mere possession of property is sufficient to entitle possessor to sue for conversion; but it is a good defense to show the

property claimed to have been converted was seized under an attachment against another who was the real owner.

2. **Attachment—Mode of—Property Capable of Manual Delivery— Service of Copy of Warrant.**

Grain severed from the ground, and therefore capable of manual delivery, may be attached without service of certified copy of warrant of attachment.

$ **Same—Property Subject to—Undivided Interest.**

The fact that an undivided half of property attached was owned by another other than the attachment defendant, does not defeat the attachment.

4. **Same—Validity—Loss of Attachment Lien—Sheriff's Delivery to Attaching Creditor as Agent.**

Though a sheriff delivered attached property to the attaching creditors, the attachment lien was not thereby lost, where such custodians held as the sheriff's agent.

5. **Appeal—Error—Review—Showing of Error—Presumption Against Error—Directed Verdict.**

An appellant attacking a directed verdict, must bring up so much of the record as to affirmatively show its error; in absence of which showing the Supreme Court will presume the verdict was correct.

6. **Attachment—Mode of—"Inventory," Embraced in Return—State- ment of Value—Collateral Attack.**

Under Code Civ. Proc., Sec. 211, requiring sheriff to make an inventory of property seized, setting forth its estimated value, held, that a list of the attached property, incorporated in the return, is an inventory, and is amendable for purpose of inserting value; and the failure to state value therein was not material upon collateral attack.

Whiting, J., taking no part herein.

(Opinion filed June 29, 1914.    Rehearing pending.)

Appeal from Circuit Court, Clark County.  Hon. Joseph H. Bottum, Judge.

Action by Mrs. George W. Jolley against Archie Dunlop, for conversion of grain. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*R. A. Dunham,* for Appellant.

*Loucks, Mather & Stover,* and *G. C. Berry,* for Respondent.

(1) Under point one of the opinion, Appellant cited:

Lowremore v. Berry, 19 Ala. 130; 54 American Decisions, p. 188; Jeffries v. Great Western Ry. Co., 5 El. & B. 802; S. C. 34 E. L. & Eq. 122, 125; Jones v. Kellogg, 51 Kan. 263; 37 American

State Reports, 278; Krewson v. Purdon, 11 Or. 266, 13 Or. 563, 15 Or. 589; Anderson v. Medberry (S. D.), 92 N. W. 1087.

Respondent cited:

38 Cyc. 2044, 2049.

(2) Under point two of the opinion, Appellant cited:

Ireland v. Adair, 12 N. D. 29; 94 N. W. 766; 102 Am. State Reports, 561.

Respondent cited:

Ford v. Sutherlin, 2 Mont. 440; Schulenburg v. Harriman (U. S.) 22 L. Ed. 551; Davis v. McFarland, 37 Cal. 634.

(3) Under point three of the opinion, Respondent cited:

Section 248, Drake on Attachments, 7th Ed.; 4 Cyc. 598; Bernal v. Hovisus, 17 Cal. 541.

(4) Under point four of the opinion, Respondent cited:

Section 292, Subdivision E, Drake on Attachments; Wright v. Westinghouse, 3 Idaho, 232, 28 Pac. 430, 4 Cyc. 630; Stillman v. Hamer (Kan.) 78 Pac. 836; Sinsheimer v. Whittely (Cal.) 52 A. R. R. 194; Ritter v. Scannell (Cal.) 70 Am. Dec. 775.

(6) Under point six of the opinion, Appellant cited:

Ireland v. Adair, 12 N. D. 29; 94 N. W. 766, 102 Am. St. Rep. 561; Cary v. Everett (Mich.) 65 N. W. p. 566; Section 211 of the Code of Civil Procedure, "Words and Phrases" under the heading of "Inventory," Black's Law Dictionary.

Respondent submitted: That statement of value, in the inventory, is not mandatory; second, the failure to place a value on the property is an irregularity only and not subject to collateral attack; and cited:

Pennoyer v. Neff, (U. S.) 24 L. Ed. 565; Sec. 2409, Civil Code; Troy Mfg. Co. v. White, 10 S. D. 48. This defect in the return is amendable. Chaffee v. Runkel, Rowley & Co., 11 S. D. 333; Sec. 150, C. C. P.

GATES, J. This is an action against a sheriff for the conversion of certain wheat and oats. The complaint alleges that the plaintiff was the owner and in possession of the grain, the unlawful taking and conversion by defendant and the amount of plaintiff's damage. The answer was a general denial and a justification by reason of levies on the property under warrants of attachment issued against the property of the husband of the plaintiff. The defendant, called as an adverse witness under the statute, tes-

tified that plaintiff was in possession and claimed ownership of the property at the time he made the levies. It appears that at that time the grain had been severed from the ground and was in the shock. The levies were made upon the undivided one-half of the grain, the other half belonging to the landlord. In addition to the other matters of justification evidence was offered on behalf of defendant tending to show ownership of the property in plaintiff's husband. The jury returned a general verdict in favor of defendant and also a special verdict in which they found that plaintiff was in possession of the property at the time of the levies; but that she held it as the property of her husband. From the judgment and order denying a new trial plaintiff appeals.

The assignments of error relate to alleged errors in admitting evidence and in refusing plaintiff's motion for a directed verdict. Appellant contends; First: That the possession of the property attached gave plaintiff the right to maintain an action for conversion, and evidence of possession is evidence of ownership, conclusive upon the whole world except the true owner, or one claiming under him by virtue of a lien. Second: That no lien attached by reason of the attempted attachment because no certified copy of the warrants of attachment were served. Third: If any lien attached by reason of the attachment proceedings the same was lost by the sheriff turning over the property to the plaintiff in the attachment action. Fourth: That such lien, if any, was lost by the failure of the sheriff to file inventory as prescribed by Section 211 of the Code of Civil Procedure.

[1] Appellant is unquestionably right in asserting that the mere possession of the property authorized her to bring the action. 38 Cyc. 2044. But, although she might maintain the action, she could not recover, if her husband was the owner of the property, unless the sheriff was a wrongdoer or lost his lien upon the property by failure to comply with the statute. The jury found that her husband was the owner of the property. The sufficiency of the evidence to sustain the verdict in this respect has not been challenged, therefore the only questions for us to determine are whether the sheriff proceeded under the warrants of attachment in accordance with law.

[2, 3] Appellant is wrong in her second contention. The grain had been severed from the ground and was therefore capable of

manual delivery. Therefore the provision of law requiring the service of a certified copy of the warrant of attachment was not applicable. Nor did the fact that the ownership of an undivided half of the property was in the landlord change the situation. 25 Cyc. 1654; Shinn on Attachment & Garnishment §211.

[4, 5] The third contention of appellant is one which is solved by the verdict. There was no error in refusing to direct the verdict on this ground. While the sheriff turned over the property to one of the attaching creditors, there was evidence which, if believed by the jury, justified it in concluding that such possession was as the agent of the sheriff. There is some evidence which would lead one to believe that the grain might have been sold by the attaching creditor or his attorney at private sale, but the appellant does not purport to bring all of the evidence into the printed record, and we may not resort to conjecture in order to overturn the verdict and judgment. It was incumbent upon appellant to bring up so much of the record as would affirmatively show error in this respect. She has not done so. Therefore, we must presume that the verdict and judgment are right in that behalf.

[6] Section 211, Code of Civil Procedure, requires the sheriff upon making a levy to immediately make a just and true inventory of all the property seized, setting forth the estimated value of the several articles and kinds of personal property "which inventory must be signed by the sheriff and attached to and made a part of the return of the warrant of attachment." The returns of sheriff upon the warrants of attachment contained a list of the property levied upon, but did not state its value. It is the contention of appellant that the returns made were simply the returns required by law to be made to the warrants of attachment; and that they were not and did not purport to be inventories; that the language of the statute quoted contemplates a separate paper denominated an inventory which is to be signed by the sheriff and attached to and filed with the return. Respondent contends that an inventory is a list of property and that if such list is contained in and as a part of the return, it nevertheless is an inventory and that the failure to give the value therein was not a jurisdictional defect. A similar situation appears to have been presented to this court in the case of Chaffe v. Runkel, 11 S. D. 333, 77 N. W. 583. It was there

substantially held that such list of property in the return to a warrant of attachment was an inventory, and that the same was amendable for the purpose of inserting values. Whatever view we might have held, were this a case of first impression, we feel that such decision is binding upon us as a settled question of practice and therefore we are constrained to hold that there was an inventory and that as against this collateral attack the failure to show value therein was not material.

The judgment and order denying a new trial are affirmed.

WHITING, J., taking no part herein.