### 9521. FINE v. FRANKEL CLOTHING COMPANY INCORPORATED.

The amendment making the attachment returnable to the superior court instead of to the city court was allowable.
DECIDED MAY 17, 1918.

Attachment and claim; from Meriwether superior court—Judge Terrell. January 15, 1918.

*Hatchett & Hatchett,* for plaintiff in error, cited: *Moore* v. *Neill,* 86 *Ga.* 186; *First Nat. Bank* v. *Ragan,* 92 *Ga.* 333; *Fordham* v. *Ehrlich,* 117 *Ga.* 883.

*Justiss & Hay,* contra, cited cases cited in the decision.

WADE, C. J. This suit grew out of an attachment against an alleged fraudulent debtor, issued by the judge of the superior court of Meriwether county, but made returnable to the city court of Greenville. The attachment was levied by the sheriff upon certain property as the property of the debtor, and a claim was interposed and made returnable to the city court, a claim bond and a forthcoming bond being given. Thereafter the claimant filed a petition to the superior court, asking that the attachment be dis-

missed, on the ground that it was proceeding illegally, because made returnable to, the city court; and later he filed an amendment seeking to dismiss the levy, on the ground that it was void because based on an illegal attachment. When the case came on to be heard by the judge of the superior court the plaintiff sought to amend the proceedings, so as to make the attachment, together with the bonds, etc., returnable to the superior court of Meriwether county, instead of to the city court of Greenville, and asked that the sheriff be ordered so to return the same.

The claimant demurred, on the ground that no order of the judge could make an illegal and void act of the sheriff valid and legal; and the judge overruled the demurrer and ordered that the proposed amendment be made and the proceedings be returned to the superior court. To this the claimant excepted.

"All parties, whether plaintiffs or defendants, in the superior or other courts, whether at law or in equity, may at any stage of the cause, as a matter of right, amend their pleadings in all respects, whether in matter of form or substance, provided there is enough in the pleading to amend by." Civil Code (1910), § 5681. The petition in this case, showing a plaintiff and a defendant, and setting forth sufficient data to indicate and specify a particular cause of action, presented enough to amend by. Civil Code, § 5682. A plaintiff in attachment has a right as a matter of law (Civil Code, § 5110) to amend his attachment, bond, declaration, and return. *Guckenheimer* v. *Day,* 74 *Ga.* 1.

It has been held that where an attachment was inadvertently made returnable to an inferior court instead of to the county court, it was amendable by substituting the word "county" for the word "inferior." *Covington* v. *Cothrans,* 35 *Ga.* 156. Other cases in point are *Blake* v. *Camp,* 45 *Ga.* 298; *Williams* v. *Buchanan,* 75 *Ga.* 789. The court did not err in overruling the demurrer.

Judgment affirmed. *Jenkins and Luke, JJ., concur.*