26421. STALVEY *et al. v.* VARN MOTORS FINANCE CO.

Decided November 10, 1937.

*J. P. Tomlinson,* for plaintiffs in error.

*Harley Langdale, J. Lundie Smith Jr., B. Lamar Tillman,* contra.

MacIntyre, J.   A purchase-money attachment was sued out by Varn Motors Finance Company (transferee of an automobile note and retention-title contract) against T. E. Stalvey and J. H. Stalvey.   The attachment was issued on February 20, 1936, by Hon. R. G. Dickerson, judge of the city court of Valdosta, Lowndes County, and made returnable to the April term, 1936, of said city court.   The attachment was levied on the automobile therein described, at Valdosta. The defendants were residents of Cook County at the time the note was executed and the attachment issued, and have since continued to reside in Cook County.   They did not make bond, or appear or plead in anywise to the attachment in the city court of Valdosta.   No declaration in attachment

was filed in the city court of Valdosta. On May 12, 1936, the attachment was filed in the office of the clerk of the superior court of Cook County. A declaration based on said attachment was filed in the office of the .clerk of the superior court of Cook County on June 2, 1936, and made returnable to the August term, 1936, of said court. There were four terms of the superior court of Cook County, to wit, on the first Mondays in February, May, August, and September. The April term of the city court of Valdosta was more than fifteen days after the levy of the attachment, and the May term of Cook superior court was more than twenty days after the levy thereunder. A plea to the jurisdiction was filed in Cook superior court on August 3, 1936, and was amended on February 6, 1937. An amendment to the writ of attachment was offered by the plaintiff on February 6, 1937, and allowed, making the writ returnable to the August term, 1936, of Cook superior court, in lieu of the April term, 1936, of the city court of Valdosta, over oral objections of defendants on the grounds: (a) That the court had no jurisdiction. (b) That the amendment was offered too late. (c) That only the judge of the city court of Valdosta had authority to amend the writ. (d) That the writ was originally made returnable to the April term, 1936, of the city court of Valdosta, and no declaration had been filed to said term of court. (e) That said case had never been transferred by the judge of the city court of Valdosta, or by any other judicial order, to Cook County. The notices of attachment were traversed on the ground "that they were not signed by the plaintiff or any one for it," which issue was submitted to the court on an agreed statement that the notices of attachment and filing declaration thereon were regular, except that they were not signed by the plaintiff in attachment, its attorney at law, or any one as agent for it; and that the unsigned notices were served on defendants by the sheriff of Cook County.

■ The jurisdiction and the powers of the city court of Valdosta are by the act creating that court (Ga. L. 1901, p. 181, sec. 18) made the same as those of the superior court. This act says: "All laws upon the subject of attachments and garnishments, as to any matter whatever in the superior court of this State, shall apply to said city court as if named with the superior court, as far as the nature of the city court will admit." If the plaintiff had

so wished, it could have begun the attachment proceedings in Cook County, the county of the defendants' residence; and if it wished to have the property levied on which was then in Lowndes County, should follow the provisions of the Code, § 8-210. But the plaintiff, having found the property in Lowndes County, which was other than the county of defendants' residence, wished then and there to begin the attachment proceedings in Lowndes County, and followed the provisions of §§ 8-109, 8-111, 8-114, 8-117. Under these Code sections, the plaintiff in attachment having made proper affidavit before the judge of the city court of Valdosta, Lowndes County, who is given authority, by the act cited above, to take such affidavit, and the plaintiff having given bond in terms of the law, the execution should have been made returnable to the proper court of Cook County, the county of the defendants' residence. The superior court of Cook County was the proper court, and would therefore have had jurisdiction when the papers were properly returned and filed in the office of the clerk of the superior court of Cook County. *Bennett* v. *Wheatley,* 154 *Ga.* 591, 605 (115 S. E. 83). "Before process of attachment shall issue, an affidavit shall be made that the debtor has placed himself in a condition to be attached. Rev. Code, sec. 3200. [Code of 1933, § 8-109.] Nothing is said as to the residence of the officer. Section 3201 [8-111] makes it the duty of the officer before whom the affidavit is made to take bond, with good security, for the payment of damages and costs, which the defendant may sustain. Affidavit being made and bond given, the officer before whom the affidavit was made, 'or any officer authorized so to do,' may issue the attachment returnable to the proper court. Secs. 3203 [8-114] and 3205 [8-117]. We find nothing in the statutes which prohibits an officer of one county from issuing attachments returnable to the courts of another; and believing that the authority is one which may be for the convenience and advantage of suitors, we approve the authority thus conferred, and hold that the officers of one county, authorized by law to issue attachments, may make them returnable to the courts of another county, under the provisions regulating the issuing of attachments." *Cox* v. *Felder,* 36 *Ga.* 597. It might also be noted that section 8-117, which deals with the return of attachments, provides for their return to courts of the county of the defendant's residence. This certainly seems to

contemplate the possibility of their issuance elsewhere. The direction of the writ to "all and singular the sheriffs and constables of this State" (Code, § 8-116) carries the same suggestion.

An amendment to the writ of attachment (execution) was offered by the plaintiff in Cook superior court, and allowed over objection, making said writ returnable to the August term, 1936, of Cook superior court, in lieu of the April term, 1936, of the city court of Valdosta. "Formerly the attachment laws were construed strictly, one of the provisions of which was that any attachment sued out and returned, otherwise than the act itself prescribed, should be void. The late law, by providing that a substantial compliance with its provisions shall be sufficient, has intentionally overturned the old doctrine." *Force* v. *Hubbard*, 26 *Ga.* 289, 290. See also Code, § 8-118. "The plaintiff in attachment shall have the right to amend his attachment, or bond, or declaration, as in other cases at common law." § 8-610; *Fine* v. *Frankel Clothing Co.*, 22 *Ga. App.* 404 (95 S. E. 1017). "While an attachment should give directions for its return, still 'it is not this written direction to the sheriff or constable which gives the court jurisdiction, but the law.' *Blake* v. *Camp*, 45 *Ga.* 298." *Rhodes* v. *Continental Furniture Co.*, 2 *Ga. App.* 116 (58 S. E. 293). The writ in the present controversy was in fact filed in the proper court, to wit, the superior court of Cook County, and the superior court of Cook County properly overruled the objection to its jurisdiction. In *Blake* v. *Camp*, 45 *Ga.* 298, it was said: "The attachment was returned by the officer to the 1120th district, which was the proper district, according to the last residence of the defendant, and the trial was had and judgment obtained before the magistrate of that district. By a mere slip of the pen, the magistrate who issued the attachment had made it returnable to his own district. He used his printed forms, and made it returnable to the justices' court of said district, which, as a matter of course, must be taken literally to be the district mentioned on the margin, to wit: 919th district. But the bond recites the proper district; the officer who served the attachment returned the affidavit, bond, and attachment to the proper district, and it was then tried and judgment given. The court giving the judgment had jurisdiction of the case under the law. The only trouble is that the direction to the officer in the attachment process was, by a clerical error,

wrong. We do not think this mistake makes the proceedings void. It is not the written direction to the sheriff or constable which gives the court jurisdiction, but the law. If the officer had obeyed the direction and returned the papers as directed, the court to which it would then have been returned would not have had jurisdiction, and the judgment would have been void. As it is, the court which tried the case was authorized to do so by the statute. Our statute of amendments is very broad. No technical objections even to a process are to be regarded, if the court has jurisdiction: section 3269 of the Code. Process is amendable: Code, section 194. The attachment and bond are amendable: Code, section 3240. The omission to give the court jurisdiction in the pleadings is amendable: Code, section 3438." "The justice was by law authorized to issue the attachment; in this he was acting as a ministerial officer, and the mistake in the name of the court to which he made the attachment returnable was amendable. The county court was substituted for the inferior court; the powers of the latter transferred to the former; and the semi-annual terms of the county court held at the same times as the inferior court had been. The defendant was not ignorant of the court to which the process was returned, for he appeared at the proper term, and objected to the proceedings, because a single word 'inferior' had been used by the mistake of a ministerial officer for the word 'county.' The time for such trifling is past." *Covington* v. *Cothrans,* 35 *Ga.* 156, 158. The judge did not err in allowing the plaintiff to amend the writ of purchase-money attachment issued by the judge of the city court of Valdosta, dated February 20, 1936, and made returnable to the April term, 1936, of the city court of Valdosta, so as to make the said writ of attachment returnable to the August term, 1936, of the superior court of Cook County.

■ The plaintiffs in error made a motion to dismiss the attachment and the declaration thereon, for want of legal and sufficient service on defendants to authorize a general judgment against them. It was agreed by both sides "that the notices of attachment and filing declaration thereon were regular, except that they were not signed by plaintiff in attachment, their attorney at law, nor any one as agent for them; that the unsigned notices were served on defendants by the sheriff of the county." Notice under the Code, § 8-601, is to be given of "the pendency of such at-

tachment and of the proceedings thereon," but the form of the notice is not specified, nor is any signature or oath required. The information required is to be in writing and given by the plaintiff, his agent, or attorney at law, but should be served personally on the defendant by the sheriff, his deputy, or a constable of the county to which said attachment is returnable. In view of the fact that the record states that the notice was regular except that it was not signed by the plaintiff in attachment, its attorney at law, or its agent, it must have been in the usual form with this exception. Therefore, in view of the fact that the notice conveyed in writing the information required by the statute, "pendency of such attachment and of the proceedings thereon" (*Pool* v. *Perdue,* 44 *Ga.* 454 (4), 458; Code, § 8-602), and the defendants were in no manner prejudiced by the absence of a signature to the notice, we are of the opinion that it was sufficient notice to entitle the plaintiff to a judgment on the declaration filed as at common law. Neeley *v.* Mapleton, 139 Iowa, 582 (117 N. W. 981) ; Sweeney *v.* New York, 225 N. Y. 271, 275 (122 N. E. 243). "A substantial compliance in all matters of form shall be held sufficient in all applications for attachment, and in all attachments issued as provided by this Title." Code, § 8-118. The judge certified that there "are and were in the year 1936 four terms of the superior court of Cook County, to wit, on the first Monday in February, May, August, and November." The judge of the superior court of Cook County could take judicial cognizance that the superior court of Cook County convened on the first Monday in May and continued by operation of law, unless adjourned, until the first Monday in August. There is nothing in the record to show that the court adjourned; and when the record shows the declaration in attachment was filed on June 2, 1936, this was sufficient to show that the attachment was filed during the May term, 1936, which was the term at which the declaration should have been filed.

■ Vibbart, the dealer who sold the car represented by the contract sued on to the defendants, offered to testify that he assigned the contract to the plaintiff, and that upon the failure of the defendants to pay the balance due the same was charged back to his (Vibbart's) account with the plaintiff. He offered to testify to this effect upon the basis of a typewritten unsigned memorandum

which purported to be a statement of his account with the plaintiff. On cross-examination he testified that he did not prepare the memorandum; that he did not know who did; that he received it through the mail, but he did not recall even the return address on the envelope; that the memorandum was not signed; and that he had no independent knowledge of its correctness, or that the items had in fact been charged back to his account. On motion of plaintiff the evidence of Vibbart, to the effect that the balance owed by the defendants was paid by being charged to his account, was excluded. The court was clearly correct in excluding this testimony. *Hematite Mining Co.* v. *East Tennessee &c. Ry. Co.,* 92 *Ga.* 268 (3), 272 (18 S. E. 24) ; *Proctor &c. Co.* v. *Blakely Oil &c. Co.,* 128 *Ga.* 606 (2) (57 S. E. 879) ; *Sizer* v. *Melton,* 129 *Ga.* 143 (5), 151 (58 S. E. 1055) ; Code, § 38-1707.

■ The court refused to admit the testimony of the defendants and E. F. Fender, to the effect that the automobile represented by the note sued on, was damaged when in the possession of one Roberts. The only testimony as to the authority of Roberts to represent the plaintiff was given by Roberts himself, who was put upon the stand by the defendants as their witness. Roberts testified as to his agency and his authority, or lack of authority, to take cars in settlement of money due, as follows: *That he was authorized to "collect money due plaintiff, to take possession of cars and have them stored when the payments were in arrears, but that he did not have any authority to take cars in settlement of money due" to the plaintiff.* If the defendants were undertaking to recover for damages for injury done to the car while in the plaintiff's possession, they should have filed a plea of recoupment or counter-claim, and in the absence of such a plea the evidence was inadmissible for this purpose. In *Walker* v. *Kingston Supply Co.,* 18 *Ga. App.* 447 (89 S. E. 533), the court said: "If an affirmative defense is relied on it must be specially pleaded. If a defense in the nature of a set-off is relied on it must be distinctly set out in the pleadings. The plea in this case was a general denial of the account, with the admission of a small amount due. The court, over objection, admitted evidence that the plaintiff agreed that one-half of a certain fertilizer account should be paid by him and that this amount should be credited on the account in suit. This evidence was in the nature of a set-

off, and the court, under the pleadings, erred in admitting it." See also *Tillman* v. *Morton*, 65 *Ga.* 386; *Chatlahoochee Valley Ry. Co.* v. *Bass*, 9 *Ga. App.* 83 (8) (70 S. E. 683); *Hood* v. *Griffin*, 113 *Ga.* 190 (38 S. E. 409).

The defendants, however, further contended in view of Roberts' testimony quoted above, that the testimony offered and rejected, to the effect that the defendants turned the car over to Roberts, and that the car had been driven and damaged after it was taken over and before it was sold under the attachment, was admissible for the reason that it was a fact or circumstance tending to uphold and strengthen the evidence and contention of the defendants in attachment, that they turned the car over to Roberts as agreed, for the plaintiff, in settlement of the balance due on it, and that Roberts was authorized by the plaintiff to so accept the same. The testimony referred to above was all of the evidence admitted or offered as to the authority of Roberts and his apparent scope of authority to take cars in settlement of money due the plaintiff. Evidence which tends to establish the issue is admissible, although not of itself sufficient for that purpose. Evidence of circumstances contradictory of testimony of lack of agency should not generally be excluded. Rolwing *v.* Grissom (Mo. App.), 40 S. W. (2d) 752. But, where the evidence on the issue of agency is all submitted, and the evidence in question offered and objected to would not alone have established the claimed authority of the agent, and there being no other evidence which, coupled with it, would have established the agency with the authority claimed, the whole evidence being considered in its most favorable aspect to the person endeavoring to establish such authority, the evidence offered and rejected, if admitted, would have amounted to nothing. The testimony in question, if allowed, would not have added to or assisted in the proof of the claimed authority of the agent; for, with this testimony in, no such authority would have been proved by the whole testimony offered. The testimony in question would not alone have proved the authority claimed to be in the agent, nor was it a link in a chain of circumstances that would have proved the claimed authority; for there was no such chain of circumstances proved or offered to be proved. The testimony in question, standing alone, had no logical force to prove the kind of agency claimed. On account of lack of support by

the other testimony, the testimony in question had become impotent, and had no logical force to prove that Roberts had authority to take cars in settlement of money due; and thus the testimony in question was immaterial. We conclude that there was nothing about the evidence in question, if allowed, when reasonably construed, which could have the effect of aiding the defendants' case; in consequence of which there was no reversible error in its exclusion. Kaden *v.* Moon Motor Co. (Mo. App.), 26 S. W. (2d) 814. The plaintiff having made out its case, and there being no evidence before the court to sustain the defendants' plea that they had paid the plaintiff by returning the automobile to an agent who had authority to accept the same for the balance due, the court did not commit reversible error in directing the verdict for the plaintiff.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*