30891. DEATON *v.* JOHNSON.

Decided June 14, 1945.

*H. J. McBride,* for plaintiff.
*J. L. Smith, D. B. Howe,* for defendant.

Felton, J. ■ The first headnote needs no comment.

■ (a) Mrs. Johnson was not in default in the payment of rent since she paid the same into court under the garnishment summons. The contention of the plaintiff in error that the garnishment proceeding under which the defendant in error was served was void for the reason that the affidavit and bond. were executed in Fulton County, whereas the garnishment process was issued in Haralson County, the county of the garnishee's residence, is without merit. See *Stalvey* v. *Varn Motors Finance Co.,* 56 *Ga. App.* 696 (193 S. E. 627), citing *Cox* v. *Felder,* 36 *Ga.* 597, where it is said: "An officer of one county may issue an attachment returnable to the courts of another." Certainly if an officer of one county may go so far as *to issue an attachment returnable to the courts of another county,* an officer of a county other than that of the

residence of the garnishee *may take affidavit and bond* where the garnishment is issued in the county of the garnishee's residence.

(b) All that is required to constitute a valid bond is that there be a substantial compliance with the provisions of the statute. The bond of the plaintiff in the main case which led to the garnishment proceedings meets this requirement. The paragraph of the bond of which the plaintiff in error in this case complains states: "Now should the said plaintiff pay to the said defendant all costs and damages that may be sustained by the said defendant in consequence of suing out said garnishment, in the event that plaintiff fail to recover in said suit; or in the event of the amount sworn to be due on said judgment is not due; *and* [italics by the court] in the event that the property or money sought to be garnished is not subject to garnishment process, then this bond is void." This paragraph indicates that it is not the intent of the signers of the bond that it be in the conjunctive as the conditions under which the bond shall be void are distinctly enumerated by being set off by semicolons.

The court correctly directed a verdict for the defendant, and overruled the motion for a new trial.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*