## A95A2415. AUGUSTA TENNIS CLUB, INC. v. RICHMOND COUNTY.
### (464 SE2d 228)

BLACKBURN, Judge.

Augusta Tennis Club, Inc. (ATC), condemnee in the underlying condemnation action appeals, asserting that the trial court erred in striking and excluding evidence of ATC's consequential damages and in denying ATC's motion for a new trial.

Richmond County condemned portions of three contiguous parcels of land for a road-widening project erroneously believing that ATC was the sole owner of the land. During a jury trial limited to the issue of consequential damages, Richmond County presented evidence, without objection, showing that ATC should be compensated for the takings in the amount of $5,875. In the presentation of ATC's case, one of its two owners and president, Bill Belangia, testified that the takings would affect the value of the remainder of the two parcels on which ATC owned 46 apartments and estimated consequential damages of $84,600. Thereafter, Richmond County moved to strike Belangia's testimony for failure to calculate consequential damages in accordance with *Dept. of Transp. v. Gunnels*, 175 Ga. App. 632 (334 SE2d 197) (1985), reversed on other grounds at 255 Ga. 495 (1) (340 SE2d 12) (1986), requiring, among other things, that consequential damages to the "entire" remainder be calculated following a five-step procedure. Upon the trial court's grant of the motion to strike, Richmond County moved in limine to exclude the testimony of ATC's expert witness on the same ground and for a directed verdict. The trial court granted these additional Richmond County motions, and, later denied ATC's motion for a new trial.

1. ATC contends that the trial court erred by striking its evidence of consequential damages to the remainder of the tract from which the takings occurred and directing a verdict against it thereon.

" 'Consequential damages to "the remainder of the tract in which the taking occurs" are the only consequential damages that may be recovered in the condemnation action.' *Georgia Power Co. v. Bray*, 232 Ga. 558, 560 (207 SE2d 442) (1974)." *Exxon Corp. v. Dept. of Transp.*, 202 Ga. App. 43, 44 (413 SE2d 238) (1991). The evidence shows that the parties tried the underlying condemnation action upon the erroneous belief that Richmond County's takings were to be from three contiguous properties in common ATC ownership, in effect, a single tract of land. However, unknown to ATC at the time of trial, it no longer owned the two parcels as to which it asserted entitlement to consequential damages. In this regard, ATC introduced a warranty deed into evidence at the hearing upon its motion for new trial which established that it had conveyed fee simple title to such parcels in 1983 to the Adiz Development Corporation (Adiz), a corporation with

which it shared common ownership as well as identical officers and directors.

Notwithstanding the fact that Adiz and ATC have common shareholders, officers, and directors, each is a legal entity "retain[ing] its separate and independent character, regardless of the ownership of its capital stock." See *Independent Gasoline Co. v. Bureau of Unemployment Compensation*, 190 Ga. 613, 614 (10 SE2d 58) (1940), cert. denied, 311 U. S. 707 (1940). As such, ATC here lacked standing to pursue consequential damages as to a remainder belonging to Adiz. See *Exxon Corp.*, supra, and *Mallory v. Upson County Bd. of Ed.*, 163 Ga. App. 377 (294 SE2d 599) (1982) (standing to contest condemnation an incident of ownership). Thus, the trial court properly excluded ATC's evidence of consequential damages therein. *Stalvey v. Varn Motors Finance Co.*, 56 Ga. App. 696, 697 (193 SE 627) (1937) (" 'It is not error to refuse to receive evidence not pertinent to the proceeding.' [Cit.]"). Moreover, the trial court did not err in directing a verdict against ATC on the issue of consequential damages, as it was without standing to recover such damages. *Mallory*, supra. Accordingly, we deem this enumeration of error to be without merit.

2. In light of our disposition of Division 1, we need not reach ATC's remaining enumeration of error.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 16, 1995.

*William A. Trotter III*, for appellant.
*Burnside, Wall, Daniel, Ellison & Revell, Harry D. Revell*, for appellee.